EXHIBIT "B"



IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

DENISE BLALOCK,                          *      CASE NUMBER:
                                         *      06-132 A
        Plaintiff,                       *
                                         *
v.                                       *
                                         *
WAL-MART STORES, INC., et al.,           *
                                         *
        Defendants.                      *

APR 2 5 2006

*Judy Byrd*
JUDY BYRD, CLERK
HOUSTON CO., AL

## DEFENSES AND ANSWER OF DEFENDANT
## WAL-MART STORES EAST, LP

COMES NOW the defendant, Wal-Mart Stores East, LP (incorrectly identified as "Wal-Mart Stores, Inc." and hereinafter referred to as the "defendant Wal-Mart") and in response to the plaintiff's complaint, asserts the following defenses and answer:

### FIRST DEFENSE

The plaintiff's complaint fails to state a claim against the defendant Wal-Mart upon which relief can be granted.

### SECOND DEFENSE

The defendant Wal-Mart denies that it was guilty of any negligent, willful, wanton or other conduct which proximately caused or contributed to the incident and injuries made the basis of the plaintiff's complaint.

### THIRD DEFENSE

The defendant Wal-Mart Stores East, LP submits that it has been incorrectly identified in the plaintiff's complaint as Wal-Mart Stores, Inc.

### FOURTH DEFENSE

The defendant Wal-Mart denies it has breached any duty owed to the plaintiff.

## FIFTH DEFENSE

The defendant Wal-Mart contends that at all times pertinent to the plaintiff's lawsuit, it exercised reasonable care in maintaining its premises in a reasonably safe manner.

## SIXTH DEFENSE

The defendant Wal-Mart denies that any agents, servants or employees of the defendant Wal-Mart are guilty of any negligent, willful, wanton, fraudulent or other conduct that would entitle the plaintiff to an award of compensatory and/or punitive damages.

## SEVENTH DEFENSE

The defendant Wal-Mart claims that the incident complained of in the plaintiff's complaint was the result of an open and obvious condition of which the plaintiff had equal or superior knowledge.

## EIGHTH DEFENSE

The defendant Wal-Mart alleges that the plaintiff was contributorily negligent on the date of the accident made the basis of this lawsuit and that it was her own contributory negligence which was the proximate and sole cause of the injuries and damages complained of.

## NINTH DEFENSE

The defendant Wal-Mart alleges that the plaintiff's claim of entitlement to punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States on the following grounds:

1.     That such violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages which are penal in nature against a civil defendant and upon the

2

plaintiff satisfying a burden of proof which is less than "beyond a reasonable doubt";

2. That the procedures pursuant to which punitive damages are awarded may result in an award of joint and several judgments against multiple defendants which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

3. That the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the defendant which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

4. That the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

5. That the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and which therefore violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

6. That the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendment to the United States Constitution and

3

the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

7.    That the procedures pursuant to which punitive damages are awarded permit the imposition of excess fines in violation of the Eighth Amendment of the United States Constitution.

## TENTH DEFENSE

The defendant Wal-Mart alleges that the plaintiff's claim of entitlement to punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

1.    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

2.    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

3.    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

4.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

5.    The award of punitive damages in this case constitutes a deprivation of property without due process of law; and

6.    The procedures pursuant to which punitive damages are awarded may result in

4

the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendments of the United States Constitution.

## ELEVENTH DEFENSE

The defendant Wal-Mart alleges that the award of punitive damages to the plaintiff constitute a deprivation of property without due process of law as required in the Fifth and Fourteenth Amendments of the United States Constitution.

## TWELFTH DEFENSE

The defendant Wal-Mart alleges that the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

## THIRTEENTH DEFENSE

The defendant Wal-Mart alleges that the imposition of punitive damages under Alabama law is arbitrary and capricious, and as much as there is no standard for fair and objective calculation of such damages and that the same are penal in nature requiring that the plaintiff show entitlement to same by evidence beyond a reasonable doubt. The defendant Wal-Mart alleges further that imposition of punitive damages under Alabama law is contrary to the Due Process and Equal Protection Clauses of both the United States Constitution and the Constitution of the State of Alabama and that the imposition of punitive damages under Alabama law is arbitrary and capricious leading to grossly excessive punitive damages awards, inasmuch as the jury is provided neither guidelines in reaching some rational ratio between the

5

defendant's alleged conduct and legitimate interest of the state to punish unlawful conduct and to deter its repetition. *BMW of North American v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed. 2d 809 (1996).

## FOURTEENTH DEFENSE

The defendant Wal-Mart alleges that the notions of judicial fairness, due process and constitutional jurisprudence mandate that a defendant receive fair notice of not only the conduct that will subject him to punishment, but also the severity of the penalty that a state may impose. This state provides no such demand to defendants leading to "grossly excessive" punitive damage awards that violate the United States Constitution and its amendments.

## FIFTEENTH DEFENSE

The defendant Wal-Mart alleges that the award of discretionary compensatory damages for mental suffering on behalf of a plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States because there are no fixed standards for the ascertainment of such compensatory damages recoverable for mental suffering.

## SIXTEENTH DEFENSE

The defendant Wal-Mart alleges that the award of discretionary compensatory damages for mental suffering to a plaintiff violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama because it fails to provide a limit in the amount of the award against a defendant, it is unconstitutionally vague, it fails to provide specific standards in the amount of such award and it constitutes a deprivation of property without due process of law.

6

## SEVENTEENTH DEFENSE

The defendant Wal-Mart alleges that the plaintiff's claim for punitive damages is limited to the amount recoverable as set forth in Alabama Code Section 6-11-21.

## EIGHTEENTH DEFENSE AND ANSWER

In response to the individually numbered paragraphs contained in the plaintiff's complaint, the defendant Wal-Mart pleads as follows:

1.

The defendant Wal-Mart is without knowledge sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 1 of the plaintiff's complaint.

2.

The defendant Wal-Mart Stores East, LP states that it is improperly referred to as Wal-Mart Stores, Inc. in paragraph 2 of the plaintiff's complaint. Accordingly, defendant Wal-Mart denies that it operates a business know by that name in Houston County, Alabama. However, defendant Wal-Mart Stores East, LP admits that it operates a store in Houston County, Alabama in the City of Dothan.

3.

The defendant Wal-Mart denies the allegations contained in paragraph 3 of the plaintiff's complaint.

4.

The defendant Wal-Mart admits it operated the store in question. The defendant Wal-Mart denies any and all remaining allegations contained in paragraph 4 of the plaintiff's complaint.

7

5.

The defendant Wal-Mart admits that the plaintiff was on the premises. The defendant Wal-Mart denies any and all remaining allegations contained in paragraph 5 of the plaintiff's complaint.

6.

The defendant Wal-Mart denies the allegations contained in paragraph 6 of the plaintiff's complaint.

7.

The defendant Wal-Mart admits the plaintiff fell. The defendant Wal-Mart denies any and all remaining allegations contained in paragraph 7 of the plaintiff's complaint.

8.

The defendant Wal-Mart denies the allegations contained in paragraph 8 of the plaintiff's complaint.

9.

The defendant Wal-Mart denies that the plaintiff is entitled to any relief as prayed for in her ad damnum clause in her complaint.

10.

The defendant Wal-Mart denies each and every allegation contained in the plaintiff's complaint which has not been hereinbefore either expressly admitted, denied or otherwise responded to.

11.

The defendant Wal-Mart reserves the right to amend this answer by the addition or

8

deletion of additional defenses as discovery may deem appropriate.

WHEREFORE, the premises considered, the defendant Wal-Mart prays as follows:

A.    That the plaintiff's complaint be dismissed;

B.    That costs be taxed against the plaintiff; and

C.    For such other relief as may be deemed proper by this Court.

This 25th day of April, 2006.

Respectfully submitted,

CARLOCK, COPELAND, SEMLER
& STAIR, LLP

BY: _Jeffrey A. Brown_ (by Arthur Grubb w/ express permission)
Jeffrey A. Brown
Attorney Code: BRO132

BY: _Clayton M. Adams_ (by Arthur Grubb w/ express permission)
Clayton M. Adams
Attorney Code: ADA056
Attorneys for Defendant, Wal-Mart Stores East, LP
Post Office Box 139
Columbus, Georgia 31902-0139
(706) 653-6109

9

**CERTIFICATE OF SERVICE**

I, Jeffrey A. Brown, do hereby certify that I am of counsel for defendant Wal-Mart Stores East, LP and that I have served a copy of the above and foregoing DEFENSES AND ANSWER OF DEFENDANT WAL-MART STORES EAST, LP upon all counsel of record by depositing a true copy of same in the United States mail, postage prepaid, in an envelope addressed to opposing counsel as follows:

W. Davis Malone, III, Esquire
FARMER, FARMER & MALONE, P.A.
Post Office Drawer 668
Dothan, Alabama 36302-0668

This ___25th___ day of April, 2006.

Jeffrey A. Brown (by Melvic Gold w/ express permission)
Of Counsel for Defendant, Wal-Mart Stores East, LP

10

1951397v.1