IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DENISE BLALOCK, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. 1:06CV00381-MHT |
| | ) | |
| WAL-MART STORES, INC., ET AL., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO REMAND REMOVED ACTION TO STATE COURT**
___

Plaintiff, Denise Blalock, pursuant to 28 U.S.C. § 1447, submits, in support of her Motion To Remand, this Memorandum Of Law In Support Of Motion To Remand Removed Action To State Court:

SUMMARY OF PLAINTIFF'S ARGUMENTS

The Defendant Wal-Mart Stores East, LP (misidentified in the Complaint as Wal-Mart Stores, Inc.) is not able to show beyond a preponderance of the evidence that there is diversity and that the amount in controversy in this action exceeds the subject matter jurisdictional amount of the United States District Court for the Middle District of Alabama.

SUMMARY OF PLAINTIFF'S CLAIMS

Blalock filed the civil action in the Circuit Court of Houston County, Alabama, on February 22, 2006, demanding a trial by struck jury. The defendants named in the civil action

1

are: (a) Wal-Mart Stores, Inc., the proper identification of which should be Wal-Mart Stores East, LP, as noted in Defendant Wal-Mart's Answer; and, Fictitious Party Defendant(s) A, B, and C, whether singular or plural, being the person, firm, partnership, association, corporation or other legal entity that failed to provide a reasonably safe area within which Plaintiff might shop and walk and/ or that did not warn Plaintiff of the dangerous conditions and/or who committed the acts and/or omissions otherwise set forth in Plaintiff's Complaint, whose name or names are otherwise unknown to the Plaintiff at this time, but will be substituted by amendment when ascertained. In her Complaint, Blalock makes claims against Defendant Wal-Mart for negligence and wanton conduct. Blalock's claims center around Blalock's tripping and falling over a pallet. In the demand for relief in the Complaint, Blalock "demands judgment for compensatory and punitive damages against the Defendants in a sum in excess of $10,000.00, plus costs of suit, and such other and further relief as deemed just and proper."

### SUMMARY OF DEFENDANT WAL-MART'S CONTENTIONS

Defendant Wal-Mart filed a Notice Of Removal based upon diversity of citizenship[1] and the amount in controversy being in excess of $75,000.00. Defendant Wal-Mart contends that since it is domiciled in Arkansas and Blalock is a resident of Houston County, Alabama, then the requirements of the civil action being between citizens of different states is satisfied. Defendant Wal-Mart further contends that the amount in controversy exceeds $75,000.00 because of Blalock's having undergone two (2) surgeries[2] on her hand and a future additional surgery. Counsel for Defendant Wal-Mart goes on to make the false statement that

---

[1] Plaintiff is a Houston County, Alabama, resident, and Defendant Wal-Mart is apparently a limited partnership that is alleged to have its principal place of business outside the state of Alabama, but with offices (stores) located in the state of Alabama.
[2] One of such surgeries was arthroscopic surgery on her hand with the purpose of such being to scrape some tissue from some of the bones in her hand. The other surgery involved removal of some bone from a bone in her hand.

2

Plaintiff, through the undersigned, contends that the amount in controversy exceeds $75,000.00 and would seek an amount in excess of $75,000.00.

### ARGUMENT

Federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.* 31 F.3d 1092 (11th Cir. 1994). Federal subject matter jurisdiction over actions in which there is complete diversity is limited to those in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1132 (a). "Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). [Footnote omitted]." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996). And, ". . . where the parties are diverse and the amount in controversy is sufficient, a defendant has the statutory right to remove an action from state to federal court. *See* 28 U.S.C. 1332 (a)." *Cowan v. Combined Ins. Co. of America*, 67 F.Supp.2d 1312, 1315 (M.D. Ala. 1999). It is the removing defendant, though, that ". . . has the burden of proving the existence of federal jurisdiction." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996).

### DIVERSITY

In reviewing the citizenship of the parties to a civil action to determine if the requirements of diversity jurisdiction have been met, it is the citizenship of the parties at the time that the complaint was originally filed and at the time of removal. *See, Brown v. TranSouth Financial Corp.*, 897 F.Supp. 1398 (M.D. Ala., 1995) ("In determining the existence of diversity, the court must inquire into White's domicile both when the complaint was originally

filed and at the time of removal. *Goff v. Michelin Tire Corp.*, 837 F.Supp. 1143, 1144 (M.D.Ala.1993) (citing *Stevens v. Nichols,* 130 U.S. 230, 9 S.Ct. 518, 32 L.Ed. 914 (1889), *Garza v. Midland Nat. Ins. Co.,* 256 F.Supp. 12, 13 (S.D.Fla.1966)." *Brown*, 897 F.Supp. at 1402). The rule of "complete diversity" provides that, "no plaintiff may share the same state citizenship with any defendant. *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002). For purposes of diversity jurisdiction, "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004).

While Plaintiff misidentified the Defendant Wal-Mart as "Wal-Mart Stores, Inc.," Defendant Wal-Mart identified itself in the Notice Of Removal and its Answer to the Complaint as Wal-Mart East, LP. In that Defendant Wal-Mart is a limited partnership, proof by Defendant Wal-Mart of citizenship is necessary of the partners, general and limited, in such limited partnership to properly determine complete diversity. At best, Defendant Wal-Mart has identified the entity as being a citizen of the State of Arkansas due to its being organized and existing therein and having its principal place of business therein.[3]

Defendant Wal-Mart has not met its burden of demonstrating that there is complete diversity for purposes of removal. Defendant Wal-Mart has offered statements of its citizenship as to the corporate entity, but not as to the true party, Wal-Mart Stores East, L.P. Proof by Defendant Wal-Mart is necessary as to the citizenship of its partners, limited and general, which is lacking in this instance.

---

[3] While Defendant Wal-Mart identifies itself as a limited partnership in the Notice Of Removal and in its Answer to the Complaint, the statements therein the Notice Of Removal reference it being a corporation.

## AMOUNT IN CONTROVERSY

"Where a plaintiff has made an unspecified demand for damages, a lower burden of proof is warranted [by the defendant] because there is simply no estimate of damages to which a court may defer." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-1357 (11th Cir. 1996). The "defendant must prove by a preponderance of the evidence that the amount in controversy **more likely than not** exceeds the [$75,000] jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) (Emphasis added). However, while there is a lower burden of proof on the defendant, " '[b]ecause the removal statutes are strictly construed against removal**,** generally speaking, **all doubts** about removal must be resolved in favor of remand.' *Brech*, 845 F.Supp. at 831[4]; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)." *Daniel v. United Wisconsin Life Ins. Co.*, 84 F.Supp.2d 1353, 1355 (M.D. Ala., 2000) (Emphasis added; Footnote added). Further, the Court, "must evaluate all factual issues and questions of controlling substantive law in favor of the plaintiff. [Citation omitted]." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir., Ala.,1983); *Lane v. Champion International Corp.*, 827 F.Supp. 701 (S.D. Ala., 1993).

Defendant Wal-Mart has not met its burden of demonstrating that the amount in controversy is greater than $75,000.00. Short of the false statement of Counsel for Wal-Mart, Defendant Wal-Mart has not presented any evidence indicating that the damages in this case satisfy the federal jurisdictional threshold. Defendant Wal-Mart merely offers an alleged statement of counsel for the Plaintiff to support its contention with regard to the amount in controversy, which statement the undersigned counsel for Plaintiff disputes as false. As

---

[4] *Brech v. Prudential Ins. Co. of Am.*, 845 F.Supp. 829, 831 (M.D. Ala., 1993).

5

explained above, such a disputed assertion, by itself, does not establish federal subject matter jurisdiction.

## CONCLUSION

Defendant Wal-Mart is not able to prove beyond a preponderance of the evidence that there is diversity and that the amount in controversy exceeds the $75,000.00 subject matter jurisdiction of this Court. Accordingly, Blalock's Motion To Remand should be granted and this action remanded to the Circuit Court of Houston County, Alabama, pursuant to 28 U.S.C. § 1447(c).

Dated this 25th day of May, 2006.

    /s/ W. Davis Malone, III
W. Davis Malone, III (MAL012)
Attorney for Plaintiff Denise Blalock

OF COUNSEL:

FARMER, FARMER & MALONE, P.A.
112 West Troy Street
Post Office Drawer 668
Dothan, Alabama 36302-0668
(334) 794-8596

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Memorandum of Law upon Jeff A. Brown, Esq., and Clayton M. Adams, Esq., as attorney for Defendant, by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this 25th day of May, 2006.

    /s/ W. Davis Malone, III
W. Davis Malone, III