IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DENISE BLALOCK,                     *       CIVIL ACTION NUMBER:
                                          1:06 CV 00381-MHT

       Plaintiff,              *

v.                                *

WAL-MART STORES, INC.,        *

       Defendant.           *

DEFENDANT WAL-MART STORES EAST, LP'S, RESPONSE IN
OPPOSITION TO THE PLAINTIFF'S MOTION TO REMAND AND BRIEF IN
SUPPORT

COMES NOW the defendant, Wal-Mart Stores East, LP (incorrectly identified as "Wal-Mart Stores, Inc." and hereinafter referred to as the "defendant Wal-Mart"), and submits the following brief in opposition to the plaintiff's Motion to Remand.

<u>SUMMARY OF CONTENTIONS</u>

The plaintiff advances two arguments in support of its Motion to Remand: (1) the plaintiff alleges the defendant Wal-Mart has failed to show the parties are diverse; and (2) that the defendant Wal-Mart has failed to establish, by a preponderance of the evidence, that the amount in controversy exceeds the $75,000.00 requirement for federal subject matter jurisdiction. The defendant Wal-Mart contends that the plaintiff's arguments are not correct. The plaintiff is a resident of Houston County, Alabama, while the defendant Wal-Mart is a Delaware limited partnership with its principal place of business located in Bentonville, Arkansas. As is more fully set forth below, there is complete diversity among the parties.

The amount in controversy clearly exceeds the $75,000.00 threshold as well. The plaintiff's post-incident medical bills from three medical providers from whom she received

treatment in connection with the incident that is the subject of her complaint total $81,778.79. Further, the plaintiff has claimed additional compensatory damages for pain and suffering, emotional distress, and mental anguish and has also claimed punitive damages based on alleged wanton conduct of the defendant Wal-Mart.  As such, the amount in controversy  clearly exceeds the $75,000.00 jurisdictional threshold.  As both prongs of the test for federal subject matter jurisdiction have been met, removal of the above-styled civil action is proper and the plaintiff's Motion to Remand is due to be denied.

## FACTUAL & PROCEDURAL HISTORY

On February 22, 2006, the plaintiff, Denise Blalock, by and through her counsel or record, filed a Complaint in the Circuit Court of Houston County, Alabama, alleging that she had been damaged as a result of a purported trip and fall over a pallet located on the premises of the defendant Wal-Mart's store in Dothan, Alabama.  Please see plaintiff's Complaint at ¶ 5.   The Complaint, alleges the defendant Wal-Mart "negligently or wantonly allowed … [a] dangerous condition to exist … and negligently or wantonly maintained such premises so that it was not reasonably safe …."  Please see plaintiff's Complaint at ¶ 5.  The Complaint continues that the defendant Wal-Mart "did negligently or wantonly injure the Plaintiff by negligently or wantonly allowing the Plaintiff to use the unsafe area of the Store … where the dangerous condition existed."  Please see plaintiff's Complaint at ¶ 6.  The Complaint further alleges:

> As a proximate consequence of the Defendant's negligence or wantonness, the Plaintiff was caused to fall and seriously injure herself and suffer the following injuries:  the Plaintiff suffered a contusion to her left wrist, contusions to both of her knees, acute trauma to her left thumb causing soreness and swelling and dysfunction in the left thumb, injury to her head, and multiple bruises on and about her body.  The Plaintiff was made to suffer great physical pain, suffering,

mental anguish and emotional distress; and, her ability to continue her normal activities was impaired and will be impaired in the future; and she was caused to incur considerable expenses for doctors, hospitals and other medical expenses in and about her efforts to heal and cure her injuries; and, she was internally injured and externally injured.

Please see plaintiff's Complaint at ¶ 7.

Based on these allegations, the plaintiff demanded judgment in an unspecified amount, seeking "compensatory and punitive damages against Defendants in a sum in excess of $10,000.00 ...."  Please see plaintiff's Complaint, ad damnum clause.

On April 25, 2006, the defendant Wal-Mart timely answered the plaintiff's Complaint in the Circuit Court of Houston County, Alabama.  The following day, April 26, 2006, the defendant Wal-Mart timely filed a Notice Removal in the United States District Court for Middle District of Alabama, Southern Division.  The Notice of Removal states that said United States District Court has subject matter jurisdiction over the case based on the diversity of citizenship of the parties and an amount in controversy in excess of the $75,000.00 jurisdictional threshold.  Please see Notice of Removal and exhibits thereto, Document 1 in the Court record.  On May 25, 2006, the plaintiff filed a Motion to Remand to  State Court and accompanying Memorandum of Law in Support of Motion to Remand to State Court, arguing that sufficient evidence does not exist to support removal at this time.  Please see Motion to Remand, Document 4 in the Court record, and accompanying Memorandum of Law.  The defendant Wal-Mart obtained from the Court an extension of time to respond to the plaintiff's motion from June 5, 2006, until June 9, 2006.  Please see Defendant Wal-Mart Store East, LP's, Motion for Extension of Time to Respond to the Plaintiff's Motion to Remand, Document

3

6 in the Court record, and corresponding Order, Document 7 in the Court record.   The

defendant Wal-Mart filed an Amended Notice of Removal on June, 9, 2006, in order to

correct a clerical error in the original Notice of Removal.   Please see Amended Notice of

Removal, Document 9 in the Court record.

CITATION OF AUTHORITY & ARGUMENT

DIVERSITY OF PARTIES

Federal subject matter jurisdiction is appropriate where there is complete diversity of

parties and the amount in controversy exceeds $75,000.00.   28 U.S.C. § 1132(a).   Any civil

case filed in state court may be removed to federal court if federal subject matter jurisdiction

exists such that the case could have been brought initially in federal court.   28 U.S.C. §

1441(a).   The removing defendant has the burden of proving the existence of federal

jurisdiction by a preponderance of the evidence.   Tapscott v. MS Dealer Service Corp., 77

F.3d 1353, 1356-1357 (11th Cir. 1996).

Complete diversity exists among the parties in the case at bar.   In order for federal

diversity jurisdiction to exist, each defendant must be diverse from each plaintiff.   University

of South Alabama v. American Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999), citing

Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed 435 (1806).   The defendant Wal-Mart

is a limited partnership organized and existing under the laws of the state of Delaware with is

principal place of business located in Bentonville, Arkansas.   Please see Disclosure of

Corporate Affiliations and Other Entities With A Direct Financial Interest in Litigation,

Document 10 in the Court record.   The plaintiff alleges that the defendant Wal-Mart must

4

show the citizenship of each of its general partners and limited partners.  While the defendant Wal-Mart certainly does not agree with the plaintiff's position, the defendant Wal-Mart shows that Wal-Mart Stores East, LP, is a limited partnership, of which WSE Management, LLC (a Delaware LLC) is the 1 percent general partner, and WSE Investment, LLC (a Delaware LLC) is the 99 percent limited partner.  The sole member of these two partners is Wal-Mart Stores East, Inc. (an Arkansas corporation), whose parent company is Wal-Mart Stores, Inc. (a Delaware corporation), which is the only publicly-traded company.  The principal place of business for all Wal-Mart entities is in Bentonville, Arkansas.  Please see Disclosure of Corporate Affiliations and Other Entities With A Direct Financial Interest in Litigation, Document 10 in the Court record.  The plaintiff, as stated in her Complaint, is a resident of Houston County, Alabama.  Please see plaintiff's Complaint at ¶ 1.

The defendant Wal-Mart's first Notice of Removal, filed with the court on April 26, 2006, mistakenly stated that the defendant Wal-Mart "is now and was at the commencement of this suit a corporation organized and existing under the laws of the State of Arkansas, having its principal place of business in Bentonville, Arkansas.  [Emphasis added].  Please see Notice of Removal, Document 1 in the Court record, at ¶ 3.  This discrepancy in the first Notice of Removal is due solely to a clerical error and was unintentional.  The error has been corrected by the filing of the defendant Wal-Mart's Amended Notice of Removal, which inserts the correct language with regard to the defendant Wal-Mart's citizenship and principal place of business.  Please see Amended Notice of Removal, Document 9 in the Court record, at ¶ 3. The defendant Wal-Mart's amended Notice of Removal reiterates the Alabama citizenship of the plaintiff to this action.  Please see Amended Notice of Removal, Document 9 in the Court

5

record, at ¶ 9. The "complete diversity" prong of the test for federal subject matter jurisdiction under 28 U.S.C. § 1132(a) is established by a preponderance of the evidence.

AMOUNT IN CONTROVERSY

Federal subject matter jurisdiction over actions in which there is complete diversity is limited to those in which the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1132(a). Any civil case filed in state court may be removed to federal court if the case could have been brought initially in federal court. 28 U.S.C. § 1441(a). The removing defendant has the burden of proving the existence of federal jurisdiction. Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356 (11th Cir. 1996). In a situation where the plaintiff has pled an unspecified demand for damages, as is true in the case at bar, the removing defendant must show by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000.00. Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996). In determining the amount in controversy for the purposes of 28 U.S.C. § 1132(a), the "appropriate measure is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint." Jackson v. American Bankers Insurance Company of Florida, 976 F.Supp. 1450, 1454 (S.D.Ala. 1997), citing, Burns v. Windsor Insurance Co., 31 F.3d. 1092, 1096 (11th Cir. 1994).

In the case at bar, the plaintiff on June 8, 2006, acting through her attorney, faxed to the defendant's counsel a copy of medical bills incurred since the date of the alleged incident by the plaintiff with Houston Medical Group. These bills reflect total medical related charges

in the amount of $236.00 following the alleged incident at defendant Wal-Mart's store on February 27, 2006.  Please see Exhibit A, plaintiff's medical bills from Houston Medical Group.

On June 9, 2006, the plaintiff provided the defendant's counsel with a HIPPA-compliant authorization to obtain medical bills from two providers with whom she has treated in connection with the alleged incident that is the subject of her Complaint.  Please see Exhibit B, Authorization For Release Of Information to Flowers Hospital, and Exhibit C, Authorization For Release Of Information to Southern Bone and Joint.  The plaintiff consented only to the release of post-incident medical bills from the two providers.  The plaintiff did not consent to the release of pre-incident medical records or bills nor did she consent to the release of post-incident medical records, and the authorizations were drafted accordingly.[1]  Based on the plaintiff's authorization, the plaintiff's post-incident medical bills were obtained from Flowers Hospital in Dothan, Alabama.  Please see Exhibit D, plaintiff's medical bills received from Flowers Hospital.  These bills reflect total medical related charges in the amount of $68,169.89 following the alleged incident at the defendant Wal-Mart's store on February 27, 2004.  A summary of the plaintiff's post-incident medical bills were also obtained from Southern Bone and Joint in Dothan, Alabama.  Please see Exhibit E, plaintiff's medical bills received from Southern Bone and Joint.  These bills reflect total medical related charges in the amount of $13,373.00 subsequent to the alleged "trip and fall" incident in defendant Wal-

---

[1]  The defendant Wal-Mart agreed to this limited disclosure only for the purpose of obtaining the information needed to respond to the plaintiff's motion.  The defendant Wal-Mart will absolutely pursue full discovery once this issue is resolved in its favor and will obtain all medical records and billing on the plaintiff, both prior to and after the subject incident, to the fullest extent allowed under the Federal Rules of Civil Procedure.

Mart's store on February 27, 2004.

The statements received from Houston Medical Group, Flowers Hospital, and Southern Bone and Joint documenting medical charges incurred by the plaintiff for her treatment from the date of the alleged incident that is the subject of her complaint to the present day reflect total charges in the amount of $81,778.89.   This amount clearly exceeds the $75,000.00 threshold required to support federal subject matter jurisdiction pursuant to 28 U.S.C. § 1132(a).   While a determination of whether all treatment is related to the injuries allegedly sustained in the subject incident cannot be definitely made without additional discovery, the defendant Wal-Mart contends that, for the purposes of determining the amount in controversy, the total number is what must be reviewed.   The defendant Wal-Mart does not concede that any of the treatment is related to injuries allegedly sustained in the fall.   Rather, the defendant merely contends that with such numbers, removal is proper at this time, especially when the plaintiff's additional claims for pain and suffering, emotional distress, mental anguish, and punitive damages are considered.   Certainly the parties can be expected to engage in a vigorous inquiry into the relationship of certain medical treatments and expenses to the injuries allegedly suffered by the plaintiff, with the plaintiff seeking to connect such expenses to the subject incident and the defendant perhaps seeking to disconnect the same expenses.   But in the present posture of the case, following an alleged incident which the plaintiff claims caused injuries to her head, wrist, thumb, both knees, as well as multiple bruises about her body, and where the plaintiff has undergone significant post-incident medical treatment, federal subject matter jurisdiction is clearly supported.   Please see plaintiff's Complaint at ¶ 8.   The plaintiff has also indicated in her Complaint that she has suffered and seeks to recover compensatory

8

damages for "great physical pain, suffering, mental anguish and emotional distress" in addition to her direct medical expenses. Please see plaintiff's Complaint at ¶ 8. Furthermore, the plaintiff has also alleged wanton conduct on the part of the defendant Wal-Mart and in that vein has prayed for "punitive damages" in addition to the compensatory damages sought for her claimed medical specials, pain, suffering, mental anguish, and emotional distress. Please see plaintiff's Complaint, ad damnum clause. As stated previously, the test for determining the amount in controversy for purposes of assessing federal question jurisdiction is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint." Jackson v. American Bankers Insurance Company of Florida, 976 F.Supp. at 1454. Based on the plaintiff's allegations and post-incident medical specials, it is clear by a preponderance of the evidence that the amount in controversy in this case exceeds the threshold requirement of $75,000.00 and federal subject matter jurisdiction is proper.

<u>CONCLUSION</u>

The defendant Wal-Mart has clearly demonstrated by a preponderance of the evidence that federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1132(a). The parties are diverse, as the plaintiff is domiciled in Houston County, Alabama, and the defendant Wal-Mart is a domiciliary of the State of Delaware with a principal place of business in Arkansas. Furthermore, the amount in controversy exceeds the $75,000.00 threshold required to establish federal subject matter jurisdiction, as the plaintiff has incurred at least $81,778.89 in post-incident medical bills and has additionally claimed damages based on pain and suffering, emotional distress, and mental anguish, as well as punitive damages. Accordingly, the

9

plaintiff's Motion to Remand is due to be denied.

This 9th day of June, 2006.

Respectfully submitted,

CARLOCK, COPELAND, SEMLER
& STAIR, LLP

BY:___/s/ Jeffrey A. Brown_____
Jeffrey A. Brown
Attorney Code:  BRO132
Clayton M. Adams
Attorney Code:  ADA056
Attorneys for Defendant, Wal-Mart Stores East, LP
Post Office Box 139
Columbus, Georgia 31902-0139
(706) 653-6109


## CERTIFICATE OF SERVICE

I, Jeffrey A. Brown, do hereby certify that I am of counsel for defendant Wal-Mart Stores East, LP and that I have served a copy of the above and foregoing DEFENDANT WAL-MART STORES EAST, LP'S, RESPONSE IN OPPOSITION TO THE PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT upon all counsel of record via electronic filing and by depositing a true copy of same in the United States mail, postage prepaid, in an envelope addressed to opposing counsel as follows:

W. Davis Malone, III, Esquire
FARMER, FARMER & MALONE, P.A.
Post Office Drawer 668
Dothan, Alabama  36302-0668

This 9th day of June, 2006.

_____/s/Jeffrey A. Brown_____
Of Counsel for Defendant, Wal-Mart Stores East, LP

1989776v.1