**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DENISE BLALOCK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **1:06cV381-MHT** |
| **WAL-MART STORES EAST, LP,** | ) | **(WO)** |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

**This lawsuit, which was removed from state court to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C. §§ 1332, 1441, is now before the court on plaintiff Denise Blalock's motion to remand. Blalock contends that removal is improper both because there is not true diversity of citizenship and because the amount in controversy is insufficient to confer federal jurisdiction. For the reasons that follow, the court concludes that Blalock's motion should be denied.**

**A federal court may assert jurisdiction where the amount in controversy exceeds $ 75,000, exclusive of costs and interests, and the parties are citizens of different states. 28 U.S.C. § 1332(a). Complete diversity is lacking where any party on one side of the suit is from the same state as any party on the other side. Strawbridge v. Curtiss, 7 U.S. 267 (1806). The party seeking removal has the burden of establishing jurisdiction. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).**

**The defendant in this case, Wal-Mart Stores East, LP, is a limited partnership.[1] For purposes of diversity of citizenship, a limited partnership is a citizen of each State in which any of its partners, limited or general, are citizens. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 (11th Cir. 2004) (citing Carden v. Arkoma Assoc., 494 U.S. 185, 195-96,**

**1. The original complaint misidentified the defendant as Wal-Mart Stores, Inc. The parties agree that the correct defendant is Wal-Mart Stores East, LP.**

**(1990)). At the time Blalock, a citizen of Alabama, filed her motion for remand, Wal-Mart Stores East, LP had not shown that each of its partners were citizens of a State other than Alabama.**

**Since that time, however, Wal-Mart Stores East, LP has met its burden by showing that it is a limited partnership organized under the laws of Delaware and having its principal place of business in Arkansas, of which WSE Management, LLC is the 1 % general partner and WSE Investment, LLC is the 99 % limited partner. Both WSE Management, LLC and WSE Investment, LLC are incorporated under the laws of Delaware and have their principal place of business in Arkansas.[2] Complete diversity of citizenship therefore exists in this case.**

**Blalock also insists that Wal-Mart Stores East, LP has not met its burden of showing by a preponderance of the evidence that the amount in controversy is greater**

---

**2. Defendant's disclosure of corporate affiliations and other entities with a direct financial interest in litigation (Doc. No. 10).**

**than $ 75,000. Blalock's complaint asserts that Wal-Mart Stores East, LP negligently or wantonly caused or failed to prevent her fall on the premises of a Wal-Mart store, as a result of which she allegedly suffered injuries including contusions to her wrist and knees, trauma and loss of function in her thumb, head injury, and multiple bruises. The complaint asserts that Blalock was permanently injured, has suffered mental anguish and emotional distress, and seeks compensatory damages and punitive damages in a sum in excess of $ 10,000.**

**"[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds [the jurisdictional limit]." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), overruled on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000).**

**Wal-Mart Stores East, LP has submitted medical bills incurred by Blalock from Houston Medical Group, Flowers Hospital, and Southern Bone and Joint. These bills relate to treatments undergone by Blalock after her fall, and total $ 81,778.89. While Wal-Mart Stores East, LP does not concede that the charges are related to treatments for alleged injuries resulting from the fall, it is clear that Blalock has undergone significant medical treatment after a fall that she claims caused multiple physical injuries, and that the cost for this treatment exceeds the jurisdictional threshhold of $ 75,000. The court notes that in addition to recovery of her medical expenses, Blalock's complaint seeks punitive and compensatory damages for pain and suffering, mental anguish and emotional distress.**

**In light of the medical record and the allegations of Blalock's complaint, the court concludes that Wal-Mart Stores East, LP has proven by a preponderance of the**

**evidence that the amount in controversy in this case exceeds $ 75,000.**

**Accordingly, it is ORDERED that plaintiff Denise Blalock's motion to remand (Doc. 4) is denied.**

**DONE, this the 16th day of June, 2006.**

**/s/ Myron H. Thompson**
**UNITED STATES DISTRICT JUDGE**