## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA,
### SOUTHERN DIVISION

**DENISE BLALOCK,**

      **Plaintiff,**

**vs.**                                                 **CASE NO. 1:06-CV-00381-MHT-WC**

**WAL-MART STORES EAST, LP,**

      **Defendant.**

### WAL-MART'S BRIEF IN SUPPORT OF ITS MOTION
### FOR SUMMARY JUDGMENT

COMES NOW the Defendant, Wal-Mart Stores East, LP ("Wal-Mart"), incorrectly identified in the Plaintiffs' Complaint as "Wal-Mart Stores, Inc.", and pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, submits this Brief in Support of its Motion for Summary Judgment as to the Plaintiff's Complaint against it and would show unto the Court the following, to wit:

### STANDARD OF REVIEW

Summary judgment is proper if the moving party shows that there is no genuine dispute regarding any material fact and it is entitled to judgment as a matter of law. *Real Estate Financing v. Resolution Trust Corp.*, 950 F.2d 1540 (11th Cir. 1992)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077 (11th Cir. 1990); FED. R. CIV. P. 56(c). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Anderson*, 477 U.S. at 252. There is no issue for trial unless there is

sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249.

Once a properly supported motion has been filed, the non-movant must come forward with sufficient evidence on each count that must be proved. *Earley*, 907 F.2d at 1080. "If a [non-movant] fails to support an essential element of a claim, however, summary judgment must issue because a complete failure of proof regarding an essential element renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). If the non-movant's response consists of nothing more than conclusory allegations, the court must enter summary judgment for the movant. *Peppers v. Coates*, 887 F.2d 1493 (11th Cir. 1989).

## UNDISPUTED FACTS

The facts upon which Wal-Mart relies in support of its motion for summary judgment derive solely from the plaintiff, Denise Blalock, and her husband. Plaintiff, Denise Blalock, fell on February 27, 2004. (Deposition of D. Blalock, p. 53). On that date, she, her husband, and one of her sons brought their truck to the TLE Center of the Dothan south-side Wal-Mart to have the oil changed. (*Id*. at 54). When the service to the vehicle was finished, a TLE employee pulled the vehicle forward out of the TLE garage and parked it next to a pallet. (*Id*. at 54-57; Deposition of M. Blalock, pp. 35-37).

The "big wooden pallet" which was next to the plaintiffs' truck was empty and laying flat next to the TLE building. (Deposition of D. Blalock, pp. 62-66, 77-78, 94-95 and Exhibits 1 and 2 thereto; Deposition of M. Blalock, pp.53-55 and Exhibit 3 thereto). There was not much space between the pallet and the plaintiff's truck. (Deposition of D. Blalock, p.70).

After paying for the TLE service, the plaintiff walked outside to get in the truck and all three – Mrs. Blalock, Mr. Blalock, and their son – all walked behind the truck, *past the pallet which Mrs. Blalock saw*, to the driver's side of the truck where they spoke with a friend and Wal-Mart employee, Steve Blackmon. (Deposition of D. Blalock, pp. 66-67). After the conversation, Mrs. Blalock turned around to go back around the truck to get in the passenger side and fell over the pallet she had just passed. (Deposition of D. Blalock, p. 67).

As mentioned above, as Mrs. Blalock made her way to the front of the truck to talk to Mr. Blackmon, she made contact with and actually saw the pallet over which she tripped. Mrs. Blalock testified:

Q.      When you passed between the truck and the pallet, did you see the pallet?

A.      No, sir.

Q.      Did you trip over the pallet?

A.      No, sir.

Q.      Did you kick the pallet?

A.      My foot brushed the pallet when I went by.

Q.      Okay. And when your foot brushed the pallet, did you look down and say, oh, what was that?

A.      Yes, sir. I glanced down at the pallet to see what my foot had brushed.

Q.      All right. Okay. So you walked between the truck and the pallet, your foot brushes the pallet, and you look back to see what your foot brushed?

A.      Yes, sir.

(Deposition of D. Blalock, pp. 70-71)

• • •

[By Mr. Malone:]

Q.      Okay.  When you said you came – walked between the car, truck, I'm sorry, the back of the truck and the pallet, okay?  And your foot, you testified earlier, brushed the pallet, okay?  Did you look down to see the pallet, or did you look back and see the pallet?

A.      I looked down.

(Deposition of D. Blalock, p. 101)

. . .

Q.      Does this picture that we're going to mark as an exhibit [Exhibit 2 to D. Blalock Deposition which is attached hereto as Exhibit "B"], does that pallet appear to be the pallet you're talking about or something like it?

A.      Yes, sir, it was the exact pallet.

Q.      And I know it's out there.  In this picture there's nothing, you know, around it to prevent you from seeing it.  Was there anything preventing you from seeing it?

A.      No, sir.

Q.      When you fell over it?

A.      No, sir, there sure wasn't.

. . .

Q.      (By Mr. Malone)   Denise, do you know that that is, and I'm looking at Defendant's Exhibit No. 2, do you know that that is the exact same pallet that you tripped over or is it one that looks the same as that?

A.      One that looks the same.

Q.      Is that the exact location of that pallet to the best of your memory of where it was located at the time that you tripped over it?

A.      Yes.

(Deposition of D. Blalock, pp. 76-77, 102-03).

4

**ARGUMENT**

As recently reiterated by the Supreme Court of Alabama in *Jones Food Co. v. Shipman*,

___ So.2d ___, 2006 WL 3718254 (Ala. Dec. 15, 2006):

> "To establish negligence, a plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury." *Martin v. Arnold,* 643 So.2d 564, 567 (Ala.1994); *Albert v. Hsu,* 602 So.2d 895, 897 (Ala.1992). Negligence is a mixed question of law and fact. Whether the defendant in a negligence action owed the claimant a duty is strictly a question of law. *RaCON, Inc. v. Tuscaloosa County,* [Ms. 1031512, July 28, 2006] --- So.2d ---- (Ala.2006). . . .
>
> . . . The duty owed by the invitor to an invitee is to exercise ordinary and reasonable care to keep the premises in a reasonably safe condition. *Winn-Dixie v. Godwin,* 349 So.2d 37 (Ala.1977). The party who controls the premises is not an insurer of the safety of the invitee, and no presumption of negligence arises from the mere fact of an injury to the invitee. *See Great Atl. & Pac. Tea Co. v. Bennett,* 267 Ala. 538, 103 So.2d 177 (1958).

*Id*. at *5.  *See Maddox v. K-Mart Corp.*, 565 So.2d 14 (Ala. 1990).

In restating the requirements of the open and obvious defense in the context of a premises liability action and holding that certain defects in the premises were open and obvious as a matter of law, the *Shipman* Court relied heavily on *Sessions v. Nonnenmann*, 842 So.2d 649 (Ala. 2002), a case in which the Supreme Court of Alabama held that an open and obvious hazard negated the existence of a legal duty to an invitee.  As equally important in *Sessions* and, therefore, *Shipman*, was the Court's pronouncement that a premises owner may prevail on the open and obvious defense as a matter of law even without proof that the plaintiff consciously appreciated the danger, i.e., knew or *should have known*.

> " 'The *duty* to keep an area safe for invitees is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care. All ordinary risks present are assumed by the invitee, and the . . . owner is under *no duty* to alter the premises so as to [alleviate] known and obvious dangers.  The [owner] is not liable to an invitee for an injury resulting from a danger that was obvious or that should have been observed in the exercise of reasonable care.  *The entire basis of an invitor's*

*liability rests upon his superior knowledge of the danger that causes the invitee's injuries. If that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable.*' "... A plaintiff may not recover if the injury he receives is caused by an obvious or known defect in the premises."

*Breeden v. Hardy Corp.,* 562 So.2d 159, 160 (Ala.1990). (Emphasis added; first bracketed language added; citations omitted.) *See also Ex parte Kraatz,* 775 So.2d 801, 803 (Ala.2000) (holding " '[t]he *premises owner has no duty to warn the invitee of open and obvious defects in the premises,* which the invitee is aware of or should be aware of through the exercise of reasonable care' " (emphasis added) (quoting *Woodward v. Health Care Auth. of Huntsville,* 727 So.2d 814, 816 (Ala.Civ.App.1998)

.     Therefore, openness and obviousness of a hazard, if established, negate the . . . invitor's duty to eliminate the hazard or to warn the . . . invitee of the hazard; and this negation of duty, in and of itself, defeats the [invitee's] injury claim without the operation of any affirmative defense such as contributory negligence or assumption of risk.  In other words, in this context, openness and obviousness, if established, negate the duty, defeat the claim, and pretermit any issue of the effect of openness and obviousness on the affirmative defenses of contributory negligence and assumption of risk.

*Sessions*, 842 So.2d at 652.  *See  Harvill v. Johnson,* 598 So.2d 881 (Ala. 1992).

The Court in *Sessions* differentiated between the requirements of proving contributory negligence as a matter of law in the summary judgment context, i.e., undisputed evidence of a plaintiff's conscious appreciation of danger, and proving openness and obviousness as a matter of law when proceeding under Rule 56. The Court held:

In contrast, in order for a defendant-invitor in a premises-liability case to win a summary judgment or a judgment as a matter of law grounded on the absence of a *duty* on the invitor to eliminate open and obvious hazards or to warn the invitee about them, the record need not contain undisputed evidence that the plaintiff-invitee consciously appreciated the danger at the moment of the mishap.

*Id.* at 653.  *See also Ex parte Mountain Top Indoor Flea Market, Inc.,* 699 So.2d 158 (Ala.1997)(the plaintiff was aware of the presence of loose rocks on the defendant's property and should have recognized the danger they posed).

In the instant case, the Plaintiff's testimony conclusively establishes that the pallet was not hidden and not only should have been observed by Mrs. Blalock but was in fact observed by her as her foot hit it while passing between it and the truck.  The presence of the pallet next to the

Plaintiff's truck was obvious; Mrs. Blalock was aware of it. The fact that she tripped over it minutes later after passing it and hitting it with her foot does not alter the conclusion that the presence of the pallet was open and obvious as a matter of law.  Consistent with *Ex Parte Mountain Top Indoor Flea Market, supra,* the Plaintiff was aware of the presence of the pallet and should have recognized the risk it posed.

## CONCLUSION

WHEREFORE, premises considered, the Defendant, Wal-Mart Stores East, LP, respectfully requests this Court enter an order granting it summary judgment as to each and every count of the Plaintiff's complaint, separately and severally.

Respectfully submitted,

/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET, (DELAW0873)
wpd@delmar-law.com
CHAD C. MARCHAND, (MARCC5089)
ccm@delmar-law.com
Attorney for Defendant, Wal-Mart Stores East, LP

**OF COUNSEL:**

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:     (251) 433-1577
Facsimile:     (251) 433-1578

**CERTIFICATE OF SERVICE**

I do hereby certify that on February 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

W. Davis Malone, III, Esq.
Farmer, Farmer & Malone, P.A.
P. O. Drawer 668
Dothan, AL  36302-0668


/s/ W. Pemble DeLashmet
OF COUNSEL