**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
SOUTHERN DIVISION**

**DENISE BLALOCK,**

    Plaintiff,

vs.                                          **CASE NO. 1:06-CV-00381-MHT-WC**

**WAL-MART STORES EAST, LP,**

    Defendant.

**DETERMINATION OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW**

COMES NOW Defendant, Wal-Mart Stores East, LP ("Wal-Mart"), incorrectly identified in the Plaintiff's Complaint as "Wal-Mart Stores, Inc.", and pursuant to Rule 56 of the *Federal Rules of Civil Procedure* submits the following Determination of Undisputed Fact and Conclusions of Law in support of its Motion for Summary Judgment:

**UNDISPUTED FACTS**

1. Plaintiff, Denise Blalock, fell at Wal-Mart on February 27, 2004. (Deposition of D. Blalock, p. 53).

2. On that date, she, her husband, and one of her sons brought their truck to the TLE Center of the Dothan south-side Wal-Mart to have the oil changed. (Deposition of D. Blalock, p. 54).

3. When the service to the vehicle was finished, a TLE employee pulled the vehicle forward out of the TLE garage and parked it next to a pallet. (Deposition of D. Blalock, pp. 54-57; Deposition of M. Blalock, pp. 35-37).

4. The "big wooden pallet" which was next to the plaintiff's truck was empty and laying flat next to the TLE building. (Deposition of D. Blalock, pp. 62-66, 77-78, 94-95 and Exhibits 1 and 2 thereto; Deposition of M. Blalock, pp.53-55 and Exhibit 3 thereto).

5. There was not much space between the pallet and the plaintiff's truck. (Deposition of D. Blalock, p.70).

6. After paying for the TLE service, the plaintiff walked outside to get in the truck and all three – Mrs. Blalock, Mr. Blalock, and their son – all walked behind the truck, *past the pallet which Mrs. Blalock saw*, to the driver's side of the truck where they spoke with a friend and Wal-Mart employee, Steve Blackmon. (Deposition of D. Blalock, pp. 66-67).

7. After the conversation, Mrs. Blalock turned around to go back around the truck to get in the passenger side and fell over the pallet she had just passed. (Deposition of D. Blalock, p. 67).

8. As Mrs. Blalock made her way to the front of the truck to talk to Mr. Blackmon, she made contact with and actually saw the pallet over which she tripped. (Deposition of D. Blalock, pp. 70-71).

9. Nothing was hiding the pallet which the Plaintiff saw; it was in plain view. (Deposition of D. Blalock, pp. 76-77, 101-03 )

**CONCLUSIONS OF LAW**

1. Summary judgment is proper if the moving party shows that there is no genuine dispute regarding any material fact and it is entitled to judgment as a matter of law. *Real Estate Financing v. Resolution Trust Corp.*, 950 F.2d 1540 (11th Cir. 1992)(citing *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986)); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077 (11th Cir. 1990); FED. R. CIV. P. 56(c).

    2.    A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

    3.    A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Anderson*, 477 U.S. at 252. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249.

    4.    Once a properly supported motion has been filed, the non-movant must come forward with sufficient evidence on each count that must be proved. *Earley*, 907 F.2d at 1080.

    5.    "If a [non-movant] fails to support an essential element of a claim, however, summary judgment must issue because a complete failure of proof regarding an essential element renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

    6.    If the non-movant's response consists of nothing more than conclusory allegations, the court must enter summary judgment for the movant. *Peppers v. Coates*, 887 F.2d 1493 (11th Cir. 1989).

    7.    Once a Defendant makes a *prima facie* showing that it had no actual constructive knowledge of the presence of a substance which caused a slip and fall, and that the Defendant was not derelict in failing to discover and remove the substance, the burden shifts to the Plaintiff to present substantial evidence that the alleged substance that caused the fall had been on the floor for such a length of time that constructive notice of its presence may be imputed to the Defendant or that the Defendant had actual notice that of the substance on the floor or that the

Defendant was delinquent in not discovering and removing the substance. *Speer v. Pin Palace Bowling Alley*, 599 So.2d 1140, 1143-44 (Ala. 1992).

8. If Plaintiff fails to present substantial evidence on any of the elements of her claim, Defendant is entitled to summary judgment. *Id*.

9. "To establish negligence, a plaintiff must prove: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury." *Martin v. Arnold,* 643 So.2d 564, 567 (Ala.1994); *Albert v. Hsu,* 602 So.2d 895, 897 (Ala.1992).

10. Negligence is a mixed question of law and fact. Whether the defendant in a negligence action owed the claimant a duty is strictly a question of law. *RaCON, Inc. v. Tuscaloosa County,* [WL2089892, July 28, 2006] --- So.2d ---- (Ala.2006).

11. A store owner's duty to an invitee is to exercise reasonable care, to provide and maintain a reasonably safe premises for use of its customers. *Maddox v. K-Mart Corp.*, 565 So.2d 14, 16 (Ala. 1990).

12. A store owner's duty to an invitee is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care. *Harvill v. Johnson*, 598 So.2d 881 (Ala. 1992).

13. A store owner is not to insure the safety of invitees and *res ipsa loquitor* is not applicable. There is no presumption of negligence arising out of the mere fact that an injury occurs. *Shaw v. City of Lipscomb*, 380 So.2d 812, 814 (Ala. 1980).

14. A plaintiff may not recover if the injury he receives is caused by an obvious or known defect in the premises. *Breeden v. Hardy Corp.,* 562 So.2d 159, 160 (Ala.1990).

15. A store owner has no duty to warn invitee of open and obvious defects in the premises which the invitee is aware of, or should be aware of, exercise of reasonable care on the invitee's part. *Sessions v. Nonnenmann*, 842 So.2d 649, 652 (Ala. 2002).

16. "Openness and obviousness of a hazard, if established, negate the . . . invitor's duty to eliminate the hazard or to warn the . . . invitee of the hazard; and this negation of duty, in and of itself, defeats the [invitee's] injury claim without the operation of any affirmative defense such as contributory negligence or assumption of risk. In other words, in this context, openness and obviousness, if established, negate the duty, defeat the claim, and pretermit any issue of the effect of openness and obviousness on the affirmative defenses of contributory negligence and assumption of risk." *Sessions v. Nonnenmann*, 842 So.2d 649, 652 (Ala. 2002).

17. "In order for a defendant-invitor in a premises-liability case to win a summary judgment or a judgment as a matter of law grounded on the absence of a *duty* on the invitor to eliminate open and obvious hazards or to warn the invitee about them, the record need not contain undisputed evidence that the plaintiff-invitee consciously appreciated the danger at the moment of the mishap." *Sessions v. Nonnenmann*, 842 So.2d 649, 653 (Ala. 2002). *See also Ex parte Mountain Top Indoor Flea Market, Inc.,* 699 So.2d 158 (Ala.1997)(the plaintiff was aware of the presence of loose rocks on the defendant's property and should have recognized the danger they posed).

18. Wal-Mart has made a *prima facia* showing that the pallet was open and obvious as a matter of law. Therefore, as a matter of law, Wal-Mart did not owe the Plaintiff a duty and is entitled to judgment as a matter of law.

Respectfully submitted,

/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET   (DELAW0873)
CHAD C. MARCHAND      (MARCC5089)
Attorney for Defendant Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, Alabama 36652
Telephone: (251) 433-1577
Facsimile: (251) 433-1578

## CERTIFICATE OF SERVICE

I do hereby certify that on February 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

W. Davis Malone, III, Esq.
Farmer, Farmer & Malone, P.A.
P. O. Drawer 668
Dothan, AL  36302-0668

/s/ W. Pemble DeLashmet
COUNSEL