IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DENISE BLALOCK, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. 1:06CV381-MHT |
| | ) | |
| WAL-MART STORES, INC., ET AL. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**PLAINTIFF,'S MEMORANDUM BRIEF IN OPPOSITION TO THE
MOTION FOR SUMMARY JUDGMENT FILED BY
DEFENDANT WAL-MART STORES EAST, LP**

_____

Plaintiff Denise Blalock submits this memorandum brief in opposition to the

Motion for Summary Judgment  filed by Wal-Mart Stores East, LP ("Wal-Mart").   For the

reasons stated herein, Plaintiff requests this Court to deny Wal-Mart's Motion for Summary

Judgment.

I.      GROUND ASSERTED BY WAL-MART IN SUPPORT OF SUMMARY JUDGMENT

On or about February 6, 2007, Wal-Mart filed its Motion for Summary Judgment,

Determination of Undisputed Facts and Conclusions of Law, Brief in Support of Motion for

Summary Judgment, and Notice of Filing Exhibits.   As expressly stated in its Brief in Support of

Motion for Summary Judgment, Wal-Mart asserts one (1) ground as to why it contends that it is

entitled to a summary judgment. The ground is that due to the open and obvious condition of the

hazard, as a matter of law, no duty of Wal-Mart existed to keep the area safe for invitees with

1

respect to such hazard.  The non-movant  [Plaintiff herein] will respond to such ground that is specifically asserted by the movant [Wal-Mart Stores East, Inc.] in its Motion for Summary Judgment.

II.     STANDARD OF REVIEW

Summary judgment shall be rendered forthwith if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". FED.R.Civ.P. 56 (c).  With regard to a motion for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in a light most favorable to the nonmoving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970); *Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Consideration of a summary judgment motion does not lessen the burden on the nonmoving party, i.e., the nonmoving party still bears the burden of coming forth with sufficient evidence on each element that must be proved. *Earley v. Champion Intern. Corp.*, 907 F. 2d 1077, 1080 (11th Cir. 1990); *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323, 106 S.Ct. 2548 (1986).  The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Celotex*, 477 U.S. at 324.

III.     STATEMENT OF PERTINENT FACTS

Plaintiff, Denise Blalock, is a life long resident of Dothan, Alabama.  (Depo. of Denise Blalock, p. 9).  On February 27, 2004, Denise Blalock, her husband, Mickey Blalock, and one of her sons, Lance Blalock, were at Southside Wal-Mart SuperCenter in Dothan, Alabama, at

2

the Tire and Lube Express Department of Wal-Mart (the "TLE") for the purpose of having the oil changed, as well as other related automotive services performed, on their pick-up truck. (Depo. of Denise Blalock, p. 53). While waiting for the oil to be changed, the Blalocks shopped inside the store and were paged over the P.A. that their truck was ready. (Depo. of Denise Blalock, p. 56). After stopping to pay for the services in the inside the TLE, Denise, her husband and her son walked through the shop of the TLE and found their truck parked just past pit no. 2. (Depo. of Denise Blalock, pp. 56 – 60, 62 – 64; Exhibit No. 1 to Depo. of Denise Blalock). They could walk around behind their truck, but there was not much distance between the back of the truck and the pit. (Depo. of Denise Blalock, pp. 64, 68 - 69). Denise walked back to the pick-up truck, following her husband and son, walking between the back of the truck and the TLE. (Depo. of Denise Blalock, pp. 64, 66). As she walked behind the truck, she noticed her husband starting a conversation at the front of the truck with their close friend, Steve Blackman, who was, and is today, an employee in the TLE. (Depo. of Denise Blalock, pp. 66 – 67; Depo. of Laura McDonald, p. 48). Walking between the back of the truck and the TLE she walked past an empty pallet that was laying on the ground at the end of the truck, up against the end of the TLE building. (Depo. of Denise Blalock, pp. 63 – 66, 70). In doing so, there was very little space, so she did not see it, but her foot brushed against the pallet and she glanced down at it as she walked on towards Mr. Blackman, her husband and son at the front of the truck to talk with them. (Depo. of Denise Blalock, pp. 70 - 71). She did not recognize the empty pallet as a dangerous condition. (Affidavit of Denise Blalock). The pallet had been emptied earlier in the day by an employee in the TLE and was put there when the employee was called back into the shop. (Depo. of Ervie Davis, pp. 89 - 94). The place to have put the empty pallet by the

3

employee was about 15 – 20 feet away from the location over which Mrs. Blalock tripped and fell. (Depo. of Ervie Davis, p. 90). After talking with Mr. Blackman, her husband and son for approximately five (5) minutes, her son climbed into the driver's side and then her husband started to get into the truck to drive, and Denise, with her back to the empty pallet, turned to walk around the back of the truck to the passenger side. (Depo. of Denise Blalock, pp. 67, 76). She did not even take a step when she twisted and fell over the empty pallet. (Depo. of Denise Blalock, pp. 71 - 73). As a result of her falling over the empty pallet, she was injured, falling on her left hand and hitting and hurting her head and knees. (Depo. of Denise Blalock, pp. 30 – 31, 73). The location of the empty pallet on February 27, 2004, was an obvious safety violation of Wal-Mart. (Depo. of Ervie Davis, p. 94).

Wal-Mart proffers no evidence that Denise Blalock was wearing any inappropriate shoes or clothing or that she was doing anything unforeseeable. Denise Blalock was walking an expected route to pick up the family pick-up truck after Wal-Mart had completed its servicing of the truck and such services were paid for.

IV.    A GENUINE QUESTION OF MATERIAL FACT EXISTS AS TO WHETHER A THE HAZARDOUS CONDITION WAS OPEN AND OBVIOUS AND THE BUSINESS INVITEE WAS OWED A DUTY BY THE INVITOR TO WARN HER OF OR ELIMINATE THE HAZARDOUS CONDITION

When a person visits a premises for commercial purposes, that person is an invitee - a business invitee. *Ex parte Mountain Top Indoor Flea Market, Inc.*, 699 So. 2d 158, 161 (Ala 1997). Wal-Mart has not disputed Denise Blalock's status as a business invitee.

The Supreme Court of Alabama addressed the premises liability of a store owner in, *Denmark v. Mercantile Stores Co., Inc.*, 844 So.2d 1189 (Ala. 2002), as follows:

4

A store owner's duty is well-established. That duty is "to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers." *Maddox v. K-Mart Corp.*, 565 So.2d 14, 16 (Ala.1990). Consequently, injured "plaintiffs must prove that the injury was proximately caused by the negligence of [the store owner] or one of its servants or employees. Actual or constructive notice of the presence of the substance [or instrumentality that caused the injury] must be proven before [the store owner] can be held responsible for the injury." *Id.* Where, however, " ' "the defendant or his employees have affirmatively created the dangerous condition, [the] plaintiff need not introduce evidence that [the] defendant had actual or constructive knowledge of the hazard. Under such circumstances, the courts *presume* notice." ' " *Wal-Mart Stores, Inc. v. Rolin*, 813 So.2d 861, 864 (Ala. 2001) (emphasis added) (quoting *Wal-Mart Stores, Inc. v. McClinton*, 631 So.2d 232, 234 (Ala. 1993), quoting in turn Joseph A. Page, *The Law of Premises Liability* § 7.11 at 169 (2d ed. 1988)). *See also, Mims v. Jack's Restaurant*, 565 So.2d 609 (Ala. 1990).

*Denmark*, 844 So.2d at 1192. In that an employee of Wal-Mart emptied and took the subject pallet to the location over which Denise Blalock tripped and fell, thereby affirmatively creating the dangerous condition of the empty pallet in an area of the premises in which customers were allowed and expected to walk, Wal-Mart's notice of the hazardous condition of the empty pallet that caused Denise's injury should be presumed. (Depo. Of Ervita Davis, pp. 89 - 94). *See, Wal-Mart Stores, Inc. v. Rolin*, 813 So.2d 861, 864 (Ala. 2001) ("When the defendant or his employees have affirmatively created the dangerous condition, [the] plaintiff need not introduce evidence that [the] defendant had actual or constructive knowledge of the hazard. Under such circumstances, the courts presume notice." Rolin, 813 So.2d at 864.).

In quoting from, *Cash v. Winn-Dixie Montgomery, Inc.*, 418 So.2d 874, 876 (Ala. 1982) (customer slipped on a can of food in a grocery store), regarding premises liability, the Alabama Supreme Court stated in *Dolgencorp, Inc. v. Hall*, 890 So.2d 98, 101 (Ala. 2003), that:

'The storekeeper is not an insurer of the customers' safety but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his

premises in a reasonably safe condition.  No presumption of negligence arises from the mere fact of injury to the customer. ' 418 So.2d at 876.

*Dolgencorp, Inc.,* 890 So.2d at 101.

In order for the [plaintiff] to recover, [she] must prove that [her] fall resulted from a defect or instrumentality on the premises; that the defect was the result of the defendant's negligence; and that the defendant had or should have had notice of the defect before the time of the accident.  *Shaw v. City of Lipscomb,* 380 So.2d 812 (Ala. 1980).  *Hale v. Sequoyah Caverns and Campgrounds, Inc.,* 612 So.2d 1162, 1164 (Ala. 1992).

Wal-Mart argues that, as a matter of law, it did not owe Denise Blalock any duty, with respect to the empty pallet, to exercise reasonable care to provide and maintain a reasonably safe premises for her use as its customer since the hazard of the empty pallet was open and obvious.  In so arguing, Wal-Mart relies primarily on the cases of, *Jones Food Co., Inc. v. Shipman,* 2006 WL 3718254, *1 (Ala. 2006) (HVAC contractor that sued a lessee when he misused a ladder to gain entrance on the roof of the premises that he alleged he should have been warned was dangerous and was not repaired or maintained free of defects and fell trying to climb on the roof); *Sessions v. Nonnenmann,* 842 So.2d 649 (Ala. 2002) (Subcontractor sued the general contractor for falling down an unbarricaded stairwell opening); *Harvell v. Johnson,* 598 So.2d. 881 (Ala. 1992) (Employee of a drywall subcontractor sued the general contractor when he fell on the second day through one of the treads on a temporary staircase that did not have any handrails); and, *Ex parte Mountain Top Indoor Flea Market, Inc.,* 699 So.2d 158 (Ala. 1997) (A

business invitee fell in a graveled area that had previously been excavated for drainage), with *Shipman* and *Sessions* being the most quoted of the cases.

Each of the primary cases argued by Wal-Mart in its motion are distinguishable from the case at hand. First of all, the cases relied upon by Wal-Mart concern accidents that occurred to construction employees on construction sites or to an invitee that was on a site on which construction had previously occurred. Due to the nature of such sites, invitees entering would expect there to be and would assume a higher degree of ordinary risk of hazards and dangerous conditions, such as, among other things, unfinished and work in process, machines, building apparatuses, and materials being used and moved and sitting around.[1] As for the case at hand, it concerns a customer at a discount store, and the ordinary risks present to be assumed by the customer are significantly lower and different than on a construction site or a site where construction has just previously occurred. Second, the cases argued by Wal-Mart do not address any circumstances in which there is proof of the plaintiff's attention being diverted from the hazardous condition, and particularly where the diversion was by an employee of the defendant, which is the situation we find in the case at hand. Third, the primary cases cited by Wal-Mart of *Sessions*, *Harvell* and *Mountain Top Indoor Flea Market*, concern situations involving dangerous conditions that had existed for a period of time, were apparently being utilized by others similarly situated and were works in progress as a natural progression of the nature of the site, while the dangerous condition of Wal-Mart's premises was affirmatively created by Wal-Mart and such condition was, according to policies of Wal-Mart, were to be immediately addressed

---

[1] Even the language used throughout such primary cases uses terms identifying and relating to contractors and construction sites.

and constantly looked for by all Wal-Mart employees.[2]  Fourth, not any of the primary cases cited by Wal-Mart reference that the plaintiff claimed an excuse or to forget the hazardous condition and the effect of such on the claims made, particularly the duty owed.  And, fifth, Wal-Mart's primary cases do not indicate, as in the case at hand, that the accidents happened with the defendant being present at the time and having the last chance and opportunity to warn the plaintiff of the hazardous condition and did not do so.

In defining an "open and obvious" condition, the Alabama Supreme Court has said that such is "when it is 'known to the [plaintiff] or should have been observed by the [plaintiff] in the exercise of reasonable care.' " *Denmark v. Mercantile Stores Company, Inc.*, 844 So.2d 1189, 1194 (Ala. 2002) (*quoting, Quillen v. Quillen*, 388 So.2d 985, 989 (Ala. 1980).). More importantly, the court in *Denmark* went on to say, in quoting *Quillen*, that, " **'[t]he entire basis of [a store owner's] liability rests upon [its] superior knowledge of the danger which causes the [customer's] injuries**.' " *Denmark*, 844 So.2d at 1194.  (emphasis added) (*quoting, Quillen*, 388, So.2d at 989.).[3]  The court continued and further stated that:

> However, [the defendant's] argument that the condition that caused [the plaintiff's] fall was open and obvious is an *affirmative defense,* on which it bears the ultimate burden of proof.  See *Ex parte Neese*, 819 So.2d 584 (Ala. 2001); *Furgerson v. Dresser Indus., Inc.,* 438 So.2d 732, 734 (Ala. 1983); see also *Hale v. Sequoyah Caverns & Campgrounds, Inc.,* 612 So.2d 1162, 1165 (Ala. 1992) ("the traditional common-law 'open and obvious danger' defense ... completely bars recovery if the danger is known by, or is obvious to, the plaintiff") (Hornsby, C.J., concurring in the result); *Vick v. H.S.I. Mgmt., Inc.,* 507 So.2d 433, 435 (Ala. 1987) (" '[T]he evidence, including evidence bearing on the defense of "open and obvious danger," viewed in light of the applicable substantive law, presents

---

[2] In *Shipman, supra.*, it was the plaintiff's misuse of the ladder that caused his injuries and not the condition of the premises.
[3] Arguably, the fact that Wal-Mart's employee was facing the empty pallet and Denise Blalock's back was to it, Wal-Mart had the superior knowledge of the hazardous condition.

genuine issues of fact.' "); *Coggin v. Starke Bros. Realty Co.*, 391 So.2d 111, 113 (Ala. 1980); *Ford v. Bynum Livestock & Comm'n Co.*, 674 So.2d 600, 603 (Ala.Civ.App. 1995) ("**dispositive issue [is] whether the evidence conclusively showed that [the plaintiff] knew of, and appreciated, a dangerous condition so as to give rise to the 'open and obvious danger' defense**").

*Denmark v. Mercantile Stores Co., Inc.*, 844 So.2d 1189, 1194 -1195 (Ala. 2002) (bold emphasis added).

"Where a plaintiff is aware of a defect, contributory negligence in not remembering and avoiding the danger will be presumed in the absence of a satisfactory excuse for forgetting. *City of Birmingham v. Edwards*, 201 Ala. 251, 255, 77 So. 841, 845 (1918)." *Duffy v. Bel Air Corp.*, 481 So.2d 872, 874 (Ala. 1985); *See also, Pankey v. City of Mobile*, 250 Ala. 566, 571, 35 So.2d 497, 501 (Ala. 1948) ("There is no positive evidence of forgetfulness on the part of the plaintiff and there is evidence tending to show that the high weeds growing along the border of the sidewalk and the vine extending over on the sidewalk narrowed the safe way of travel and was a substance reasonably tending to distract the attention of plaintiff and momentarily to cause her to encounter and step on the founderous or broken portion of the sidewalk. These inferences presented a question for jury decision. [citations omitted]." *Pankey*, 35 So.2d at 501); *See also, Sutton v. Mitchell Company*, 534 So.2d 289, 290 (Ala. 1988) (*quoting Berness v. Regency Square Associates, 514 So.2d 1346, 1347 (Ala. 1987), quoting City of Birmingham v. Edwards, supra.*).

Contrary to Wal-Mart's argument that the condition that caused Denise Blalock's fall was open and obvious and there was no duty owed to Denise Blalock under the circumstances, their position of the condition being open and obvious is an affirmative defense of which Wal-Mart bears the ultimate burden of proof. Wal-Mart Stores, Inc. v. Rolin, 813 So.2d

861, (Ala 2001); Ex parte Neese, 819 So.2d 584, (Ala 2001); Furgeson v. Dresser Industries, Inc., 438 So.2d 732 (Ala. 1983); Hale v. Sequoyah Caverns & Campgrounds, Inc., 612 So.2d 1162, 1165 (Ala. 1992); Vick, v. H.S.I. Management, Inc., 507 So.2d 433, 435 (Ala. 1987); Coggin v. Starke Brothers Realty Company, 391 So.2d 111, 113 (Ala. 1980); and Ford v. Bynum Livestock & Comm'n Company, 674 So.2d 600, 603 (Ala. Civ. App. 1995). "When there is no genuine issue of material fact as to any element of an affirmative defense, ... and it is shown that the defendant is entitled to a judgment as a matter of law, summary judgment is proper. If there is a genuine issue of material fact as to any element of the affirmative defense, summary judgment is inappropriate. *Wal-Mart Stores, Inc. v. Smitherman*, 743 So.2d 442, 445 (Ala. 1999) (*quoting, Bechtel v. Crown Central Petroleum Corp.*, 495 So.2d 1052, 1053 (Ala.1986)).

"[W]hen the evidence is disputed, "questions of openness and obviousness of a defect or danger and of the plaintiff's knowledge are generally not to be resolved on a motion for summary judgment." *Harding v. Pierce Hardy Real Estate*, 628 So.2d 461, 463 (Ala 1993) (*quoting, Harvell v. Johnson*, 598 So.2d 881, 883 (Ala. 1992)). "Whether a condition is open and obvious is generally a question for the jury." *Denmark*, 844 So.2d at 1195.

Denise Blalock offers the following cases as being more analogous with facts similar to those in the case at hand: *Denmark v. Mercantile Stores Co., Inc., supra.*, and, *Harding v. Pierce Hardy Real Estaet, supra.*[4]

In *Denmark*, the facts revealed that Denmark was injured while shopping at Mercantile's store when she tripped over a roll of plastic shopping bags that was left lying on the

---

[4] Of the primary cases cited by Wal-Mart in support of its argument in its motion for summary judgment, not one of them overrules *Denmark* or *Harding*.

floor by Mercantile.  Denmark was shopping in one location for a significant amount of time, almost standing on top of a two and a half to three foot long, eight inch in diameter roll of either white or turquoise bags, when she turned to her right without looking and immediately tripped over the bags causing her to fall to the floor. Nothing blocked her view of the bags.  Mercantile contended that the evidence established conclusively that the alleged condition complained of was open and obvious and that Denmark knew or should have known of the nature of the condition complained of through the exercise of reasonable care.

The Alabama Supreme Court in *Denmark*, in ruling that the summary judgment was entered in error, held that:

> A store owner's duty is well-established. That duty is "to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers." *Maddox v. K-Mart Corp.,* 565 So.2d 14, 16 (Ala.1990). Consequently, injured "plaintiffs must prove that the injury was proximately caused by the negligence of [the store owner] or one of its servants or employees. Actual or constructive notice of the presence of the substance [or instrumentality that caused the injury] must be proven before [the store owner] can be held responsible for the injury." *Id.* Where, however, " ' "the defendant or his employees have affirmatively created the dangerous condition, [the] plaintiff need not introduce evidence that [the] defendant had actual or constructive knowledge of the hazard. Under such circumstances, the courts *presume* notice." ' " *Wal-Mart Stores, Inc. v. Rolin,* 813 So.2d 861, 864 (Ala.2001) (emphasis added) (quoting *Wal-Mart Stores, Inc. v. McClinton,* 631 So.2d 232, 234 (Ala.1993), quoting in turn Joseph A. Page, *The Law of Premises Liability* § 7.11 at 169 (2d ed.1988)). See also *Mims v. Jack's Restaurant,* 565 So.2d 609 (Ala.1990).

*Denmark,* 844 So.2d at 1192.  The *Denmark* court went on to say that, "Mercantile's argument that the condition that caused Mrs. Denmark's fall was open and obvious is an *affirmative defense,* on which it bears the ultimate burden of proof. *Denmark,* 844 So.2d at 1194. "Whether

a condition is open and obvious is generally a question for the jury. *Howard v. Andy's Store for Men*, 757 So.2d 1208, 1211 (Ala.Civ.App. 2000)." *Denmark*, 844 So.2d at 1195.

In *Harding*, Harding was on the premises as a business invitee and was there to purchase paint and plaster. After picking up some primer, he went to the plaster aisle and saw approximately 150 to 250 empty boxes thrown into the center of the aisle leaving only an 8 to 12 inch pathway between the boxes and the merchandise. He followed another customer down the aisle and tripped over a box of paint cans protruding about 6 inches into the aisle, but did not see the box over which he tripped. Although he saw the piled boxes, he did not realize that they posed any special danger to him.

The court in *Harding* stated that:

> We have held that a summary judgment is proper on the issue of whether a defect was open and obvious when the *undisputed* evidence shows that the plaintiff was aware of the danger, appreciated the danger, and acted more carefully because of the perceived danger. *See Harvell v. Johnson*, 598 So.2d 881, 883 (Ala.1992). However, when the evidence is disputed, "questions of openness and obviousness of a defect or danger and of the plaintiff's knowledge are generally not to be resolved on a motion for summary judgment." *Id.* In this case, although it is not disputed that Harding saw the boxes in the center of the aisle and that he took the narrow path around them, he denies that he saw the box of paint cans protruding into the pathway, that he appreciated the danger of this box in the pathway, or that he had reason to act more carefully to avoid the box in the pathway.
>
> Therefore, because the evidence is disputed and Harding presented substantial evidence that the paint can box in the pathway was not an open and obvious danger, we reverse the summary judgment . . . .

*Harding*, 628 So.2d at 463.

In the case at hand, Defendant Wal-Mart contends that because the Plaintiff Denise Blalock brushed her foot on and then glanced down at the empty pallet as she walked by

it, the empty pallet became an open and obvious condition to Denise Blalock and she should have recognized the risk it posed. However, Wal-Mart is not able to conclusively show that Denise Blalock not only knew of, but appreciated, the empty pallet as a dangerous condition. *Denmark, supra*. As a matter of fact, Denise Blalock states in her affidavit that she did not recognize the empty pallet as a dangerous condition. (Exhibit "D," Affidavit Of Denise Blalock In Opposition To Motion Of Wal-Mart Stores East, Inc., For Summary Judgment). Such would be appear to be the case since her son and husband had just preceded her between the pick-up truck and the empty pallet. Additionally, during the five (5) minutes that Denise Blalock had a conversation with the Steve Blackman following her brushing and glancing down at the empty pallet and her tripping and falling over the pallet, she had her back to the pallet, facing Steve Blackman and talking with him; a conversation in which she said she became engrossed and that diverted her attention such that she forgot about the pallet. This, coupled with the Wal-Mart employee, Steve Blackman, facing her, with the empty pallet being behind her and nothing being said about the empty pallet to warn her, gave Wal-Mart the superior knowledge of the dangerous condition of the empty pallet and obligated Wal-Mart pursuant to its duty to have exercised reasonable care in eliminating the empty pallet or warning her of the empty pallet.

The empty pallet is analogous to the two and a half to three foot long, eight inch in diameter roll of either white or turquoise bags in *Denmark* and to the paint boxes in *Harding*. In each of those cases, the Alabama Supreme Court held that where a customer of a store trips over items laying or protruding into the walk-ways and aisles, evidently placed or arranged by store employees, the store owner's knowledge of a hazardous condition is presumed. Under such circumstances, as noted above, the Supreme Court of Alabama has presumed notice.

The openness and obviousness of the empty pallet is analogous to the bags in *Denmark* and to the paint boxes in *Harding* – more so than to a misused ladder as in *Shipman*,

and an unbarricaded stairwell as in *Sessions*.  In each of the cases of *Denmark* and *Harding*, the court held that the argument of the store that the condition that caused the customer's fall was open and obvious is an affirmative defense, of which the store bears the ultimate burden of proof, and the question of if a condition is open and obvious is generally a question for the jury.  Such is particularly applicable when the customer has stated, as Denise Blalock has, that she did not appreciate the dangerous condition of the empty pallet, that she became distracted and forgot about the empty pallet because of the approximately five (5) minute conversation with an employee of Wal-Mart with her back to the pallet.  Further, the fact that the Wal-Mart employee was facing the empty pallet during such conversation gave Wal-Mart the superior knowledge of the danger of the empty pallet and still no warning was given Denise Blalock about the dangerous condition immediately behind her or no efforts were made to eliminate the dangerous condition so she could avoid her tripping and injuring herself over the empty pallet.

Based upon the above referenced applicable law, Wal-Mart owed Denise Blalock a duty to keep the area safe for her as a business invitee, particularly with regard to the empty pallet, and owed her a duty to warn her of the empty pallet, and whether the condition of the empty pallet, under the circumstances, was open and obvious is a question for the jury. The present matter is not one in which the question of the openness and the obviousness of the defect may be decided as a matter of law.

V.    CONCLUSION

In summation, genuine questions of material fact exist and as such, the Defendant's Motion for Summary Judgment is due to be denied.

14

As further support for Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Plaintiff relies upon the applicable portions of the deposition of Denise Blalock attached hereto collectively as Exhibit "A"; the applicable portions of the deposition of Erveeta Davis attached hereto collectively as Exhibit "B"; the applicable portions of the deposition of Laura McDonald attached hereto collectively as Exhibit "C"; the affidavit of Denise Blalock attached hereto as Exhibit "D;" and the pleadings.

Dated this 28th day of February, 2007.

/s/ W. Davis Malone, III
W. Davis Malone, III (MAL012)
Attorney for Plaintiff Denise Blalock

OF COUNSEL:

FARMER, FARMER & MALONE, P.A.
112 West Troy Street
Post Office Drawer 668
Dothan, Alabama 36302-0668
(334) 794-8596

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Memorandum Brief In Opposition To Motion For Summary Judgment upon W. Pemble DeLashmet, Esq., as attorney for Defendant, by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this 28th day of February, 2007.

/s/ W. Davis Malone, III
W. Davis Malone, III