IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
SOUTHERN DIVISION

**DENISE BLALOCK,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　　　**CASE NO. 1:06-CV-00381-MHT-WC**

**WAL-MART STORES EAST, LP,**

    **Defendant.**

**WAL-MART'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

    Comes now the defendant, Wal-Mart Stores East, L.P., and in reply to Plaintiff's Memorandum Brief in Opposition to the Motion for Summary Judgment would show to the Court that, despite Plaintiff's argument to the contrary, no genuine issue of material fact exists as to the Plaintiff's allegations against Wal-Mart, separately and severally, and Wal-Mart is entitled to judgment as a matter of law pursuant to *Fed.R.Civ.P.* 56.

**REPLY ARGUMENT**

    The salient fact in this matter remains undisputed: The Plaintiff saw the very thing she tripped over minutes before she tripped over it. (Deposition of D. Blalock, pp. 70-71).

    The Plaintiff attempts to distinguish *Jones Food Co. v. Shipman*, ___ So.2d. ___, 2006 WL 3718254 (Ala. Dec. 15, 2006), *Sessions v. Nonnenmann*, 842 So.2d 649 (Ala. 2002) and *Harvell v Johnson*, 598 So.2d 881 (Ala. 1992) relied upon by Wal-Mart but the differences are artificial. (Plaintiff's Memorandum, p. 7). The Plaintiff seeks to write heretofore unknown exceptions and conditions into Alabama's straightforward law on

premises liability. First, construction cases or not, the duty to an invitee by a premises owner is the same. The Supreme Court of Alabama has not carved out exceptions for construction workers or construction sites.

Second, the "diversion" argument is fortuitous; Plaintiff was talking to a friend, a friend who happened to work for Wal-Mart. The relationship is coincidental, not causal, and if Plaintiff had been in the same place at the same time talking to a friend not employed by Wal-Mart, her "diversion" argument would not be made. Furthermore, as admitted by Plaintiff in her brief, her husband, "start[ed] a conversation at the front of the truck with their close friend, Steve Blackman . . . .". (Plaintiff's Memorandum, p. 3). The "diversion" was created by the plaintiff's husband, not by Wal-Mart.

Third, the cases do not carve out exceptions for timeliness or utilization and familiarization with the premises as suggested by Plaintiff. Fourth, no "forgetful" exception has been carved out if, as in the instant case, the Plaintiff actually saw the alleged hazardous condition and it was open and obvious as a matter of law. Fifth, there is no "last clear chance" doctrine in premises liability.

As stated two and a half months ago by the Supreme Court of Alabama:

"In a premises-liability setting, we use an objective standard to assess whether a hazard is open and obvious. As discussed in *Sessions* [*v. Nonnenmann*, 842 So.2d. 649 (Ala. 2002)], **the question is *whether the danger should have been observed*, not whether in fact it was consciously appreciated**."

*Shipman*, 2006 WL 3718254 at *6 (emphasis added).

In the instant case, not only should Plaintiff have observed the pallet, she did see it, and whether she now states in affidavit form that she did not consciously appreciate the alleged hazard is inconsequential. To the extent the cases relied upon by Plaintiff conflict with *Shipman*, they should be disregarded.

2

Plaintiff's reliance upon *Denmark v. Mercantile Stores Co.*, 844 So.2d 1189 (Ala. 2002) is likewise misplaced. (Plaintiff's Memorandum, pp. 8, 10-12). In *Denmark*, the Supreme Court of Alabama reversed the trial court's summary judgment because:

> . . . Mercantile states the respective burdens [of proof as to affirmative defenses] backwards. More properly stated, *Mercantile* must "establish that Mrs. Denmark was [*not*] ignorant or should [*not*] have been ignorant of the condition she alleges to have been dangerous." [citation omitted]. This it did not do.

*Id*. at 1195 (emphasis in the original).

Through the plaintiff's own testimony, Wal-Mart has established that the plaintiff was not ignorant of the location of the pallet. Wal-Mart has met its burden. The pallet was open and obvious as a matter of law. Wal-Mart's summary judgment is due to be granted.

## CONCLUSION

Wherefore, premises considered, the defendant, Wal-Mart Stores East, L.P., respectfully requests this Court enter an order granting it summary judgment as to the plaintiff's complaint against it, each and every count thereof, separately and severally.

Respectfully submitted,

/s/ W. Pemble DeLashmet
W.PEMBLEDELASHMET   (DELAW0873)
wpd@delmar-law.com
CHAD C. MARCHAND     (MARCC5089)
ccm@delmar-law.com
Attorney for Defendant, Wal-Mart Stores East, LP

**OF COUNSEL:**

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:   (251) 433-1577
Facsimile:   (251) 433-1578

CERTIFICATE OF SERVICE

I do hereby certify that on this day, March 1, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

W. Davis Malone, III
Farmer, Farmer & Malone, PA
Post Office Drawer 668
Dothan, Alabama 36302-0668

/s/ W. Pemble DeLashmet
OF COUNSEL