IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| DENISE BLALOCK, ) <br> ) <br>   Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WAL-MART STORES EAST, LP, ) <br> ) <br>   Defendant. ) | CIVIL ACTION NO. <br> 1:06cv381-MHT <br> (WO) |

OPINION

This is a slip-and-fall case. Plaintiff Denise Blalock brings this action against defendant Wal-Mart Stores East, LP, asserting common-law claims of negligence and wantonness for injuries she sustained on Wal-Mart's property. Removal jurisdiction is appropriate based on diversity of citizenship, 28 U.S.C. §§ 1332, 1441. The case is now before the court on Wal-Mart's motion for summary judgment. For the reasons that follow, the motion will be granted.

## I. SUMMARY-JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Under Rule 56, the party seeking summary judgment must first inform the court of the basis for the motion, and the burden then shifts to the non-moving party to demonstrate why summary judgment would not be proper. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115-17 (11th Cir. 1993). In making its determination, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II. FACTUAL BACKGROUND

The facts of this case are not complicated. On February 27, 2004, Blalock and her husband and son drove their pickup truck to a Wal-Mart store in Dothan, Alabama, for an oil change. They left the vehicle in the service station and shopped in the main area of the Wal-Mart store while they waited. When they returned to the service station, they paid for the oil change and found their pickup truck, which had been moved forward just past the oil-change pit.

As Blalock walked toward the truck from behind, she noticed her husband and son engaged in conversation with Steve Blackman, an oil-change employee who was also their close friend. Blalock walked past the truck to join their conversation, and as she did so her foot brushed against an empty wooden pallet lying on the ground adjacent to the truck. According to Blalock's deposition, she looked down at the pallet to see what her foot had brushed against and noticed the pallet.

Blalock then stood outside the truck having a conversation for about five minutes. When the conversation was complete, she turned around to go back to the truck and immediately tripped over the pallet that her foot had previously brushed against. She fell to the ground and sustained injury.

## III. DISCUSSION

Wal-Mart's argument in favor of summary judgment is simple: Because Blalock became aware of the wooden pallet when her foot brushed against it and she saw it, Wal-Mart is not liable for her injury.

### A.

In a premises-liability case, the elements of negligence are the same as those in any tort litigation: duty, breach of duty, causation, and damages. <u>Sessions v. Nonnenmann</u>, 842 So.2d 649, 651 (Ala. 2002). A store patron is generally considered a business invitee for premises-liability purposes under Alabama law. <u>See</u> <u>Ex</u>

parte Mountain Top Indoor Flea Market, 699 So.2d 158, 161 (Ala. 1997). A store owner's duty is "to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers." Denmark v. Marcantile Stores Co., 844 So.2d 1189, 1192 (Ala. 2002) (quoting Maddox v. K-Mart Corp., 565 So.2d 14, 16 (Ala. 1990)). However, because a landowner is not the insurer of the safety of his invitees, Ex parte Mountain Top, 699 So.2d at 161, the owner's duty is negated where the invitee or customer knew or should have known about the hazard that purportedly caused his injury. Jones Food Co. v. Shipman, ___ So.2d ___, ___ 2006 WL 3718254 at *6 (Ala. 2006).

This 'open and obvious hazard' rule has been stated many times by the Alabama Supreme Court. "The duty owed to an invitee is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care.... The owner of premises has no duty to warn an invitee of open and obvious defects in the premises which the invitee is aware of, or should

be aware of, in the exercise of reasonable care on the invitee's part. As a general rule, an invitor will not be liable for injuries to an invitee resulting from a danger which was known to the invitee or should have been observed by the invitee in the exercise of reasonable care." <u>Ex parte Mountain Top</u>, 699 So.2d at 161 (internal quotation marks and citations omitted) (quoting and citing <u>Sisk v. Heil Co.</u>, 639 So.2d 1363, 1365 (Ala. 1994); <u>Harvell v. Johnson</u>, 598 So.2d 881 (Ala. 1992); <u>Quillen v. Quillen</u>, 388 So.2d 985, 989 (Ala. 1980); <u>Shaw v. City of Lipscomb</u>, 380 So.2d 812, 814 (Ala. 1980); and <u>Tice v. Tice</u>, 361 So.2d 1051 (Ala. 1978)).

Alabama follows the Restatement (Second) of Torts, which provides that a landowner is not liable for dangers that are either known or obvious. For a defect to be 'known,' "the plaintiff must be aware of the existence of the condition and must appreciate the danger it involves. 'Obvious' means that the condition and risk are apparent to, and would be recognized by, a reasonable person in the position of the invitee. Therefore, the 'obvious' test is

6

an objective one," Hines v. Hardy, 567 So.2d 1283, 1284 (Ala. 1990) (quoting Rest. 2d Torts § 343A (1965)); see also Ex parte Mountain Top, 699 So.2d at 161, whereas the 'known' test is subjective.

B.

This case implicates the subjective component of the 'open and obvious hazard' rule.[1] Blalock expressly stated, in her deposition, that she looked down and saw the wooden pallet approximately five minutes before she tripped on it. Blalock Depo. (doc. no. 35-2) at 12-13. Therefore, she was admittedly aware of the existence of the condition that caused her injury. In a supplemental affidavit filed in response to Wal-Mart's motion for summary judgment, Blalock states that she "did not recognize the empty pallet as a dangerous condition." Blalock Aff. (doc. no. 40-5) at 1. But this defies common sense. While it is

---

1. Therefore, the court need not consider the objective question of whether a reasonable person in Blalock's position would have observed the pallet and recognized the danger it represented.

true that a defect is not 'known' as a matter of law if the plaintiff does not appreciate its danger, such appreciation does not require specialized knowledge or a sophisticated thought process when the danger is an everyday obstacle lying on the ground.  In other words, one would have to be a toddler or a Martian to observe a low-lying object on the ground and not recognize that it represents something of a trip-and-fall hazard for persons walking in its vicinity.  No reasonable factfinder could reach the opposite conclusion, and the court finds as a matter of law that Blalock was aware of the pallet and appreciated the danger it involved.  See Ex parte Mountain Top, 699 So.2d 158 (summary judgment for defendant store owner where plaintiff knew she was walking on loose rocks and knew they could be slippery); Hines v. Hardy, 567 So.2d 1283, 1285 (Ala. 1990) (rejecting plaintiff's argument "that, even though she knew the crosstie was there, she did not know that it was slippery or appreciate that a dangerous condition existed"); Langley v. Bob's Chevron, 554 So.2d 1024, 1025 (Ala. 1989) (rejecting

8

plaintiff's argument that he did not know the slippery nature of gasoline); Ex parte Bennett, 426 So.2d 832, 835 (Ala. 1982) (affirming judgment for defendant where plaintiff testified that she saw the concrete 'car stops' in the parking lot prior to tripping over them).

Blalock contends that during her five-minute conversation, she was distracted and forgot about the pallet. That may be so, but it does not justify shifting the cost of her accident to Wal-Mart. "The entire basis of an invitor's liability rests upon his superior knowledge of the danger which causes the invitee's injuries. Therefore, if that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable." Quillen v. Quillen, 388 So.2d 985, 989 (Ala. 1980). That reasoning applies here. Once Blalock became aware of the wooden pallet on the ground near her feet, she took on the risks and responsibilities associated with walking in its vicinity, including the risk that she would forget about the pallet during a

subsequent conversation and then trip over it as she spun around to return to her vehicle.

Admittedly, there is some old case law to suggest that a plaintiff can defeat summary judgment against the affirmative defense of contributory negligence by creating a jury question as to whether the plaintiff had a reasonable excuse for forgetting about the danger of which she was previously aware.  See, e.g., City of Birmingham v. Edwards, 77 So. 841, 845 (Ala. 1918).  However, assuming arguendo that this case should be analyzed in terms of an affirmative defense such as contributory negligence,[2] Blalock provides no evidence to support her

---

2.  More recent cases have declared that the 'open and obvious' rule actually negates the duty element of a negligence claim, thereby precluding consideration of affirmative defenses such as contributory negligence. See, e.g., Jones Food, ___ So.2d at ___, 2006 WL 3718254 at *6.  Other cases strongly suggest that it simply does not matter whether the case is analyzed in terms of duty or an affirmative defense.  See Marquis v. Marquis, 480 So.2d 1213, 1215 (Ala. 1985) ("Whether we speak in terms of the duty owed by the defendant or of contributory negligence of the plaintiff, the plaintiff cannot recover for negligence of wantonness if the plaintiff's injury was caused by an open and obvious danger of which the plaintiff knew, or should have been aware."). See infra,
(continued...)

argument that the five-minute conversation constitutes a <u>reasonable</u> excuse for her forgetfulness. Absent any evidence in the record (something remarkable about her conversation, for instance) that would <u>reasonably</u> excuse her forgetfulness on this occasion, Blalock's excuse for forgetfulness fails as a matter of law.

## C.

Blalock cites two store-patron slip-and-fall cases to support her argument against summary judgment: <u>Denmark v. Marcantile Stores Co.</u>, 844 So.2d 1189 (Ala. 2002), and <u>Harding v. Pierce Hardy Real Estate</u>, 628 So.2d 461 (Ala. 1993). In both cases, the Alabama Supreme Court reversed the trial court's decisions granting summary judgment to the defendant store owners. But neither case helps Blalock avoid summary judgment under the circumstances presented here, because in neither case was there evidence that the plaintiff was aware of the object that caused the

---

   2. (...continued)
Section III.C.

slip-and-fall. See Denmark, 844 So.2d at 1195; Harding, 628 So.2d at 463. Here, by contrast, Blalock admits that she actually saw the pallet before the accident occurred.

Blalock argues that Denmark is supportive because it contains language suggesting that the 'open and obvious' rule is an affirmative defense rather than a negation of the 'duty' element of a tort. 844 So.2d at 1194. However, not only is this interpretation of the law contradicted by more recent cases, see, e.g., Jones Food, ___ So.2d at ___, 2006 WL 3718254 at *6, but even if it were correct it would not make a difference in the outcome of this case. See Marquis v. Marquis, 480 So.2d 1213, 1215 (Ala. 1985) ("Whether we speak in terms of the duty owed by the defendant or of contributory negligence of the plaintiff, the plaintiff cannot recover for negligence of wantonness if the plaintiff's injury was caused by an open and obvious danger of which the plaintiff knew, or should have been aware."); Duffy v. Bel Air Corp., 481 So.2d 872, 874 (Ala. 1985) (contributory negligence where plaintiff knows of danger).

Blalock also notes that <u>Harding</u> supports summary judgment where the undisputed evidence shows that the plaintiff was aware of the danger, appreciated the danger, <u>and acted more carefully</u> because of the perceived danger. 628 So.2d at 463 (<u>citing</u> <u>Harvell v. Johnson</u>, 598 So.2d 881, 881 (Ala. 1992)).  However, neither <u>Harding</u> nor <u>Harvell</u> stands for the proposition that summary judgment cannot be granted <u>unless</u> the plaintiff acted more carefully.  Rather, a careful-acting plaintiff is merely useful <u>evidence</u> that the danger was known and appreciated by the plaintiff, which is what must be proved under the subjective component of the 'open and obvious' rule.  <u>See</u> <u>Rest. 2d Torts</u> § 343A, <u>quoted in</u> <u>Ex parte Mountain Top</u>, 699 So.2d at 161, and <u>Hines</u>, 567 So.2d at 1284.

In sum, none of the cases cited by Blalock supports her argument that summary judgment is unwarranted here. On the contrary, based on the law and the facts of this

case, the court concludes that summary judgment is due to be granted in favor of Wal-Mart.[3]

An appropriate judgment will be entered.

DONE, this the 11th day of May, 2007.

                                        /s/ Myron H. Thompson
                                  UNITED STATES DISTRICT JUDGE

---

3. For the same reasons that her negligence claim fails, her wantonness claim fails as well.