IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DENISE BLALOCK,                          )
                                         )
    PLAINTIFF,                          )
                                         )
VS.                                      )          CIVIL ACTION NO. 1:06CV381-MHT
                                         )
WAL-MART STORES, INC., ET AL.,           )
                                         )
    DEFENDANTS.                         )

**MOTION OF PLAINTIFF UNDER RULE 59 TO ALTER OR AMEND JUDGMENT**

---

      Plaintiff, Denise Blalock, pursuant to FRCP 59, moves the Court to alter or amend the May 11, 2007, judgment of the Court, and in support thereof says::

      1.    In its recitation of the facts, the Court did not include what the Plaintiff considers as an important occurrence to its case. Such fact is that the Plaintiff followed her husband and son to the front of the family truck to join the conversation with the family friend and employee of the Defendant, with all three of them (husband, son and Plaintiff) passing by the empty pallet. There is not any evidence that either her husband or her son, or the employee of the Defendant with whom she was carrying on her conversation, for that matter, brought the existence or proximity of the empty pallet to the Plaintiff's attention. The Plaintiff considers this important to support her statement that she did not recognize the danger of the empty pallet because her husband and son had just walked, without incident, the same path that she was taking and neither of them told her to watch for the empty pallet.

      In further support of her statement that she did not recognize the danger of the empty pallet, she had already passed by the pallet when she looked back and she stepped on past it, located at the back of the family truck, to the front of the family truck, putting some distance between the two locations.

1

2.     The Court, in its May 11, 2007, ruling, stated that, "Blalock provides no evidence to support her argument that the five-minute conversation constitutes a *reasonable* excuse for her forgetfulness." In Plaintiff's testimony in her deposition and in her affidavit supporting her response to the Plaintiff's motion for summary judgment stated that:

> During the approximately five (5) minutes, I was facing and talking to my and my husband's friend, Steve Blackman, with my back to the pallet the whole time. Steve was, and is today, employed by Wal-Mart in the TLE. I became so wrapped up in my conversation with Steve and my husband, that my attention was diverted from and I forgot about the pallet.

In, *City of Birmingham v. Edwards*, 77 So. 841 (Ala. 1918), the plaintiff therein testified that:

> "This picture presents the condition of that place at the time of the accident.""I knew it looked that way, **but maybe I wasn't thinking about it** at the time, and it was dark too. I knew how the place looked all right. *** I was just going on home at the time I was hurt, and I knew that the place was there, but **I don't think I thought about it right then**, and I didn't know exactly where it was, and it was very dark and I couldn't see at all; and before I knew anything I had fallen."

*Edwards*, 77 So. 841 at 843 (Emphasis added). In reference to such testimony, the court stated that, "[i]n the instant case, the testimony for the plaintiff clearly discloses that she knew of the defect and its danger of tripping the pedestrian; and it is clearly to be inferred from her testimony that her fall was due to her inattention or forgetfulness. There is nothing in the evidence offered by the plaintiff by way of excuse for this forgetfulness or inattention." *Edwards*, 77 So. 841 at 845.

Contrary to the facts in *Edwards*, the Plaintiff stated that her back was to the pallet, she was talking to a employee of the Defendant and became so engrossed in the five (5) conversation that she forgot about the pallet that an employee of the Defendant left. While the Plaintiff did see the empty pallet, she did not realize the danger of it at the time that the incident occurred. It is this recognition or realization – at the time that the incident occurred - that is necessary for before the Court can find that

the Plaintiff was aware of the pallet and appreciated the danger it involved. Not recognition or realization five minutes prior to such incident and after a conversation with the Defendant's employee with her back to the pallet. She apparently did not recognize the danger of the pallet or its proximity because she somehow moved into such a position that she did not even take a step as she turned around and fell over the pallet. According to, *Marquis v. Marquis*, 480 So.2d 1213 (Ala. 1985), the Alabama Supreme Court, in addressing openness and obviousness of dangers on landowner's property, referencing the timing of the plaintiff's appreciation of the danger posed, stated:

> Whether we speak in terms of the duty owed by the defendant or of contributory negligence of the plaintiff, the plaintiff cannot recover for negligence or wantonness if the plaintiff's injury was caused by an open and obvious danger of which the plaintiff knew, or should have been aware. However, not only must the plaintiff have knowledge of the dangerous condition, but the plaintiff also must have a conscious appreciation of the danger posed by the visible condition **at the moment the incident occurred**. *Owens v. National Security of Alabama, Inc.,* 454 So.2d 1387 (Ala.1984); *Furgerson v. Dresser Industries, Inc.,* 438 So.2d 732 (Ala.1983); *Elba Wood Products, Inc. v. Brackin,* 356 So.2d 119 (Ala.1978); *Kingsberry Homes Corp. v. Ralston, supra.* The Court in *F.W. Woolworth Co. v. Bradbury,* 273 Ala. 392, 140 So.2d 824 (1962), and again in *Kingsberry Homes, supra,* reaffirmed that "we have long been committed to the proposition that the plaintiff's appreciation of the danger is, almost always, a question of fact for the determination of the jury." 273 Ala. at 394, 140 So.2d at 825-26.

*Marquis*, 480 So.2d at 1215 –1216 (Emphasis added).

3.    In, *Breeden v. Hardy Corp.*, 562 So.2d 159 (Ala.,1990), on the day of his accident, the plaintiff and a coworker were installing junction boxes on the second floor of a store being constructed. The plaintiff would mark on the floor directly below the spot on the ceiling where the electrical junction box was to be placed and then would position a scaffold on that mark for his coworker to install the junction box. In the area where the plaintiff was working, there were four holes for HVAC duct work to be installed by the defendant. The holes were normally barricaded with wooden studs and cable; however, on the day before the accident, the defendant caused barricade from one of the HVAC holes to be removed in order to do some work, but did not replace the barricade. While moving the scaffold the next day, the plaintiff stepped back several feet and fell through the unguarded hole. In

3

reversing a summary judgment in favor of the contractor and the HVAC subcontractor, the Alabama

Supreme Court stated that:

> We believe that there are questions of fact to be resolved in this case. **Breeden's deposition testimony** shows that at all times up **until the day before his fall** the HVAC holes were barricaded with studs and cable except when someone was working through those holes. Breeden said he had seen no one working through those holes **until the day before** his fall. Moreover, Breeden stated that he had **not noticed before his accident whether the barricade was up on the day of the accident**. As was true in *Bogue,* there are "any number of factual issues for a jury in this case, as there usually are in negligence cases." Questions such as the plaintiff's awareness of the defect in a given case are normally questions for the jury. *Id.*

*Breeden*, 562 So.2d at 161 (Emphasis added).

WHEREFORE, the Plaintiff requests the Court to alter or amend its order of May 11, 2007, such that the effect thereof is to deny the Defendant's motion for summary judgment.

Dated this 25th day of May, 2007.

/s/W. Davis Malone, III
W. Davis Malone, III (MAL012)
Attorney for Denise Blalock

OF COUNSEL:

FARMER, FARMER & MALONE, P.A.
112 West Troy Street
Post Office Drawer 668
Dothan, Alabama 36302-0668
(334) 794-8596

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Motion upon:

W. PEMBLE DELASHMET
CHAD C. MARCHAND
DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, Alabama 36652

by placing a copy of same in the United States Mail, postage prepaid and properly addressed on this 25th day of May, 2007.

_/s/W. Davis Malone, III_____
W. Davis Malone, III

5