IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DENISE BLALOCK, | * | |
|    Plaintiff, | * | |
| vs. | * | CASE NO. 1:06-CV-00381-MHT-WC |
| WAL-MART STORES EAST, LP, | * | |
|    Defendant. | * | |

### WAL-MART'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION UNDER RULE 59 TO ALTER OR AMEND JUDGMENT

The Court was correct in granting judgment as a matter of law in favor of Defendant Wal-Mart. If a purported hazard is open and obvious and a reasonably prudent person should have recognized it, the premises owner's duty to warn or eliminate the hazard is "negated as a matter of law, and [the court's] consideration of the questions of proximate causation, contributory negligence and assumption of the risk is pretermitted." *Jones Food Co. v. Shipman*, No. 1051322, 2006 WL 3718254, *1 at *6 (Ala. Dec. 15, 2006). The court is to "use an objective standard to assess whether a hazard is open and obvious." *Shipman*, 2006 WL 3718254, at *6. "[T]he question is whether the danger should have been observed, not whether in fact it was consciously appreciated[.]" *Id.*

Plaintiff's concern over the fact that neither her son nor husband or even a Wal-Mart employee brought the existence of or her proximity to the pallet to her attention or whether she appreciated the danger of the empty pallet is of no consequence. In this case, Plaintiff actually saw the pallet herself after brushing up against it when she passed by it the first time. Thus, the pallet was not only open and obvious from an objective standpoint (except maybe for a "toddler or a martian" as indicated in the Court's Order) but it was in fact open and obvious to the

Plaintiff herself. *See Jones Food Co. v. Shipman*, No. 1051322, 2006 WL 3718254, *1 (Ala. Dec. 15, 2006); *Sessions v. Nonnenmann*, 842 So.2d 649 (Ala. 2002); *Harvell v Johnson*, 598 So.2d 881 (Ala. 1992).

Plaintiff's reliance on *Marquis v. Marquis,* 480 So. 2d 1213 (Ala. 1985), *Breeden v. Hardy Corp.,* 562 So. 2d 159 (Ala. 1990), and *City of Birmingham v. Edwards,* 77 So. 841 (Ala. 1918) is misplaced. First, each of these cases were decided long before the most recent controlling case of *Shipman,* 2006 WL 3718254, *1. To the extent the holdings of these previous cases vary from *Shipman*, they are overruled. Also, these cases each address open and obvious in terms of an affirmative defense, such as contributory negligence and assumption of the risk, which require proof that the plaintiff had a conscious appreciation of the danger posed by the obvious condition at the time of the incident. In the present matter, however, the issue posed by Wal-Mart's Motion for Summary Judgment was whether the defendant owed a *duty* to the plaintiff because of the open and obviousness of the alleged hazard. Under such an analysis, "*the record need not contain undisputed evidence that the plaintiff-invitee consciously appreciated the danger at the moment of the mishap.*" *Id.* at 6 (quoting *Sessions*, 842 So.2d at 653-54). In fact *Sessions* states the following:

> While *Breeden* does recite that '[a]ll ordinary risks present are assumed by the invitee,' 562 So. 2d at 160, this recitation cannot mean that the invitor's duty *before* a mishap is determined by the invitee's subjective state of mind *at the moment of* the mishap. This Court has expressly rejected the notion that an invitor owes a duty to eliminate open and obvious hazards or to warn the invitee about them if the invitor '*should anticipate the harm despite such knowledge or obviousness.*' Ex parte Gold Kist, Inc., 686 So.2d 260, 261 (Ala. 1996).

*Sessions*, 842 So.2d at 653-54 (quoting *Breeden.,* 562 So. 2d at 160). Accordingly, Wal-Mart was entitled to summary judgment as a matter of law in its favor, and the Court's ruling in that regard is due to stand.

Respectfully submitted,

/s/ Chad C. Marchand
W. PEMBLE DELASHMET (DELAW0873)
wpd@delmar-law.com
CHAD C. MARCHAND    (MARCC5089)
ccm@delmar-law.com
Attorney for Defendant, Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:     (251) 433-1578

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this day, June 1, 2007, electronically filed the foregoing with the clerk of the court using the appropriate electronic filing system. I also certify that I have served a copy of the foregoing by depositing the same in the United States mail, properly addressed with first class postage prepaid, to the following counsel of record:

W. Davis Malone, III
Farmer, Farmer & Malone, PA
Post Office Drawer 668
Dothan, Alabama 36302-0668

/s/ Chad C. Marchand
OF COUNSEL