IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| DENISE BLALOCK, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>WAL-MART STORES EAST, LP, )<br>)<br>  Defendant. ) | CIVIL ACTION NO.<br>1:06cv381-MHT<br>(WO) |

OPINION AND ORDER

Plaintiff Denise Blalock has filed a timely motion to alter or amend this court's summary judgment for defendant Wal-Mart Stores East, LP, on her slip-and-fall claims. That motion will be denied with the following comments.

Rule 59(e) of the Federal Rules of Civil Procedure authorizes a motion to alter or amend a judgment after its entry. Rule 59(e) provides no specific grounds for relief, and "the decision to alter or amend judgment is committed to the sound discretion of the district judge." American Home Assur. Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1238-39 (11th Cir. 1985). There are four

basic grounds for granting a Rule 59(e) motion: (1) manifest errors of law or fact upon which the judgment was based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice in the judgment; and (4) an intervening change in the controlling law.  11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1, at 124-27 (2d ed. 1995). Rule 59(e) may not be used to relitigate old matters or to present arguments or evidence that could have been raised prior to judgment.  O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992).

Blalock asserts one error of fact and one error of law.  According to Blalock, the court failed to consider the fact that, although Blalock's husband and son walked past the wooden pallet lying on the ground, they did not alert Blalock to the presence of the pallet.  Blalock also states that the court erred as a matter of law in failing to recognize that a hazard is not open and obvious as a matter of law unless the plaintiff consciously appreciates the danger at the moment the incident occurs.  Marquis v.

2

Marquis, 480 So.2d 1213, 1215 (Ala. 1985). Blalock argues that there is no evidence that she consciously appreciated the danger of the pallet at the exact moment she tripped and fell.

Blalock's argument is unavailing for two reasons. First, the court based its decision on the subjective component of the 'open and obvious hazard' rule; so long as Blalock herself noticed the pallet, it is irrelevant whether her companions did as well. Second, Blalock's reliance on Marquis is misplaced. Marquis does not present a situation where the plaintiff noticed the danger but then forgot about it. That situation is presented by City of Birmingham v. Edwards, 77 So. 841, 844 (Ala. 1918), in which the Alabama Supreme Court held that forgetfulness and inattention to a known danger does not excuse the contributory negligence of the plaintiff. Although Blalock asserts that she has an excuse for her forgetfulness--she had her back to the pallet and was engaged in conversation--there is no reason why that explanation should relieve Blalock of the responsibility

to avoid a danger she already knew was there. If Wal-Mart or even a third person were responsible for Blalock's forgetfulness, then perhaps the situation would be different. For example, in Breeden v. Hardy Corp., 562 So.2d 159 (Ala. 1990), although the plaintiff was generally familiar with the construction site and the dangers it presented, the evidence reflected that the conditions related to the area where the plaintiff was injured had been recently modified, thus creating a jury question as to whether the plaintiff was consciously aware of the danger at the time the incident occurred. Here, by contrast, there is no good reason, at the time the incident occurred, for Blalock not to remember and appreciate the danger she had already observed.

Although it is inevitable that forgetful business invitees will occasionally trip over known obstacles shortly after observing them, such is the essence of contributory negligence and the law does not support shifting the costs of such forgetfulness to the business invitor.

4

Accordingly, it is ORDERED that plaintiff Denise Blalock's Rule 59 motion to alter or amend the judgment (doc. no. 49) is denied.

DONE, this the 11th day of June, 2007.


                                            /s/ Myron H. Thompson
                                          **UNITED STATES DISTRICT JUDGE**